YZAGUIRRE et al. v. GARCIA. (No. 5349.)†
(Court of Civil Appeals of Texas. San Antonio.
Nov. 11, 1914. Rehearing Denied
Jan. 6, 1915.)

1. APPEAL AND ERROR (§ 295*)—QUESTIONS REVIEWABLE—FUNDAMENTAL ERROR.

The error in rendering judgment for the purchaser in an executory contract of sale, the vendor having no title at the time of the contract, for the difference between the contract price and the market value is fundamental and reviewable on appeal without motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1704; Dec. Dig. § 295.*]

2. VENDOR AND PURCHASER (§ 351*)—EXECUTORY CONTRACT—BREACH BY VENDOR—MEASURE OF RECOVERY.

Where a vendor in an executory contract of sale has no title, the purchaser may not recover the difference between the contract price and the market value, but, where he has paid the purchase money, he may recover it back, with interest from date of payment and any special damages accruing from having been induced to enter into the contract when pleaded and proved.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1017, 1047–1058; Dec. Dig. § 351.*]

3. LIMITATION OF ACTIONS (§ 111*)—ACTION ON NOTE—INJUNCTION.

Where a note given by plaintiff to defendant was alleged by plaintiff to form a part of the contract of sale of real estate sued on, and plaintiff obtained an injunction restraining defendant from filing suit on the note, the note was not barred by limitations by lapse of time during the injunction.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 521; Dec. Dig. § 111.*]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Porfirio P. Garcia against Jesus Maria Yzaguirre and others. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

James B. Wells, of Brownsville, Denman, Franklin & McGown, of San Antonio, and Harbert Davenport, of Brownsville, for appellants. Don A. Bliss and Cobbs, Eskridge & Cobbs, all of San Antonio, for appellee.

CARL, J. Appellee, Porfirio P. Garcia, sued Jesus Maria Yzaguirre, Cecelia Garcia Vda de Villareal, Josefa Villareal, afterwards Hinojosa, and her husband, Octaviano Hinojosa, and Eduardo Yzaguirre on an alleged option contract. It is alleged that the appellee was damaged in the sum of $60,000 by reason of the breach of said contract and failure of the defendants to convey between 5,000 and 6,000 acres of land in Starr county to the appellee. The petition charges that the land was to be conveyed at $1.25 per acre, and the difference between that figure and what the land is alleged to have been worth on the market is the amount sued for. The land is a part of porciones Nos. 90, 91, and 92 in Starr county.

The written instruments upon which the suit is predicated are:

(1) A letter from Jesús Maria Yzaguirre to P. P. Garcia, under date February 25, 1907, which reads:

"Senor Porfirio P. Garcia, San Antonio, Texas—Dear Cousin: On date of 19th of this month, I wrote you making you my proposition for settlement of the account which you owe that is already due, but to this day I have had no answer from you. My son goes to your city and has my instructions to settle with you this account and to admit in part payment these properties you have down here. Please have the kindness to settle with him, as I desire that this account be settled to require or to employ any other person to make this settlement, which is very simple, and, for this reason, I desire that you settle and agree with my son now that he is there.

                    "Your cousin and servant,
"[Signed]          Jesus Maria Yzaguirre."

(2) Reply to the above, following its delivery, reading as follows:

"Mr. Eduardo Yzaguirre, Present—Esteemed Nephew: In consideration of the option which you have offered me that I can buy, and you thereby bind yourself to sell to me, my heirs or successors, at whatever time that I may request it within one year's time counting from tomorrow, the 8th day of March, the rights in land in porciones 90, 91 and 92, or adjacent thereto, which your grandmother, Dona Cecilita Garcia, widow of Villareal, and your aunt, Miss Josefa Villareal, have, and which also in the land of Santo Domingo, situated in Starr county, Texas, your father may represent, said three rights consisting of from 5,000 to 6,000 acres, more or less, and for which land you have fixed the price of $1.25 per acre, payable, in cash, at the time of my receiving the corresponding conveyances of same, I have agreed with you, to-day, in the following, in relation to the maturity of my note of December 31, last, executed in favor of your father on Nov. 7, 1906, and the rates of interest corresponding thereto to this date.

| | | |
|---|---|---|
| $ 130.00 | Amount my check on National Bank of Commerce, No. 590, your favor. | |
| 1,780.00 | Agreed amount, as value of the 1,463 acres, more or less, which I represent in porciones 90, 91 and 92, and my property in Rio Grande City, situated in Starr county, Texas, for which two buildings I will make deed of conveyance in favor of your father tomorrow, delivering it to you duly executed. | |
| 2,250.00 | Amount my note which I will execute with date of tomorrow, favor of your father, which will mature, as per agreement, on January 7, 1908, with 3 per cent. annual interest. | |
| $4,160.00 | Total. | |

"[Signed] Porfirio P. Garcia."

(3) On March 8, 1907, Eduardo Yzaguirre wrote P. P. Garcia:

"Mr. Porfirio P. Garcia, Present—Esteemed Uncle: This serves to show you that in entire conformity with all of the terms contained in yours dated yesterday, I have, to-day, received from your hands the conveyance executed by you in favor of my father, of the right of 1,463 acres of land, more or less, which you have in porciones 90, 91 and 92, situated in Starr county, Texas, and of your house and property situated in Rio Grande City, Texas. I have also, to-day, received your note of this date, executed in favor of my father, for the sum of $2,250.00, gold, with 3 per cent. annual interest, which matures January 7, 1908, having also received, yesterday, your check No. 590, in my favor, on the National Bank of Commerce for $130.00 all

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
† Writ of error pending in Supreme Court.

of which is in full payment and cancellation of your matured note, executed November 7, 1906, for $4,000.00, in favor of my father, with interest until yesterday, and which note upon my return to Camargo, Mexico, which will be within a few days, I promise to send you duly cancelled.

"I am your cousin who respects you.
"[Signed] Eduardo Yzaguirre."

Garcia owed Yzaguirre a note for $4,000, which was past due, and he was demanding payment, and Garcia delivered to Eduardo Yzaguirre a conveyance of the Starr county lands and the Rio Grande City property, the conveyance reciting a consideration of $1,780, Garcia's check for $130, and his promissory note in the sum of $2,250, due January 7, 1908. This balanced the note due. About March 20, 1907, Jesus Ma. Yzaguirre returned to Garcia his note for $4,000, referred to above, bearing the following indorsement:

"San Antonio, March 8, 1907.

"I received in payment of the present note:
"1 check No. 590, against National Bank of Commerce, value $130.00.
"Deed of sale of 1,463 acres, more or less, in porciones 90, 91 and 92, and property in Rio Grande City, all for $1,780.00.
"One note of this date payable Jan. 7th, 1908, for $2,250.00.
"Total, $4,160.
"[Signed]  Jesus Ma. Yzaguirre."

November 22, 1907, appellee wrote Eduardo Yzaguirre:

"San Antonio, Tex., 11/22/07.

"Mr. Eduardo Yzaguirre, C. Camargo, Tamps., Mex.—Esteemed Nephew: As I am now ready, willing and able to pay, according to the privilege or option, which to that effect you granted me on the 8th of March, ult., for the 5,000 or 6,000 more acres of land that are owned by your grandmother, your father and my cousin, Josefa Villareal, in the porciones of Starr Co., of this state, known under numbers as 90, 91, and 92, of the ranch of Santo Domingo, I will thank you, that without delay, you please send me abstract of title, showing a good title which they hold to said land, to give said abstract to my lawyer in this city to examine, and, in case they prove the same a good title, to send you the transfers ready to be signed by whom it may concern, and to be duly acknowledged before a notary public in Rio Grande City, Texas, and to pay you for said land, in such case, at the rate of $1.25, American gold, as per agreement, in cash. I must say to you that it is of great importance that, upon receipt of the present letter, you proceed to send me abstract of title · referred to, telling me at once with preciseness, if possible by telegram, what day at the latest can I depend on receiving said abstract.

"Awaiting your immediate answer with our regards to your little son, I am your cousin,
"[Signed]  Porfirio P. Garcia."

A carbon copy of the above letter was mailed to Jesus Ma. Yzaguirre, and on December 8, 1907, appellee again wrote Eduardo Yzaguirre calling his attention to his former letter to which he had no reply; and on December 14, 1907, Eduardo Yzaguirre replied as follows:

"C. Camargo, Tamps., Mex., Dec. 14, 1907.

"Mr. Porfirio P. Garcia, San Antonio, Tex.—Esteemed Uncle: In answer to your favor of the 22d of Nov. last and the 8th of the present, I say to you that I offered you that, if within the term of one year you could buy the land, if yet existing in the possession of my father, I would sell it to you, but it is already some time that this land was sold.

"Favoring me by presenting my respects to my esteemed aunt, I am your nephew and servant,     [Signed]  Eduardo Yzaguirre."

"P. S.—My father recommends me to say to you that, in reference to the taxes, he does not send you the detailed receipt, because the collector is not in Rio Grande City.
"[Signed]  E. Yzaguirre."

On March 4, 1908, Cecilia Garcia de Villareal, Josefa Villareal, and Jesus Maria Yzaguirre conveyed all the lands owned by them in porciones 90, 91, 92, and 93 in Starr county to Jacobo C. Guerra and J. R. Monroe.

The defendants denied the allegations of the third amended original petition upon which the case was tried, and denied that Eduardo Yzaguirre had any authority to bind them for the sale of the land, and denied that any contract was made by them or by any one having authority to do so. They also pleaded the four-year statute of limitation and the statute of frauds. Eduardo Yzaguirre also pleaded his minority at the time of the alleged contract. Jesus Ma. Yzaguirre pleaded a cross-action on the note for $2,250 given him by Garcia March 8, 1907 and due January 7, 1908, and prayed for interest and attorney's fees as well as the principal. This answer and cross-action was filed February 2, 1914.

In a supplemental petition appellee alleged, on information and belief:

"That Jesus Ma. Yzaguirre had full power and authority from the defendants Cecilia Garcia de Villareal and Josefa Villareal Hinojosa, who was then a feme sole, to act for said defendants in the making of any and all contracts with reference to all lands and properties owned in Texas by said defendants, and that said defendants, acting for themselves, as well as through the defendant Jesus Maria Yzaguirre, gave the defendant Eduardo Yzaguirre power and authority to represent and bind them," etc.

And, as to the note, the four-year statute of limitation was pleaded, and that Yzaguirre was not entitled to recover thereon except as a credit upon such sum as appellee might recover for the breach of the contract, and that in that event only the principal and interest due thereon November 22, 1907, the date of the alleged breach of the contract.

When the original petition was filed, December 23, 1907, the court, in the fiat indorsed on the same, issued an injunction "restraining the defendants from transferring or assigning the certain note for $2,250," etc.; but in the copy of the writ served on Yzaguirre, it is recited that the prayer is "for injunction to restrain defendant Jesus Ma. Yzaguirre from disposing of, or bringing suit upon, plaintiff's note, given as part consideration in said transaction."

The court submitted special issues upon the following: As to whether Eduardo Yzaguirre, when he wrote the letter of March 8, 1907, to Garcia, was authorized by Jesus Ma. Yzaguirre to accept the proposition made

in the letter of March 7, 1907, written by Garcia to Eduardo Yzaguirre; and the jury answered, "Yes." As to whether Eduardo Yzaguirre, when he wrote the letter March 8, 1907, was authorized by the other defendants to do so; and the jury answered, "No." And to the fourth and fifth issues the jury answered that Eduardo Yzaguirre was not authorized by either of the Villareals or Hinojosa to accept Garcia's proposition set out in the letter of March 8, 1907; and the jury also found that Jesus Ma. Yzaguirre was not authorized by the Villareals to accept Garcia's proposition as contained in his letter of March 7, 1907. According to the jury's finding, Jesus Yzaguirre did not repudiate the agency or act of Eduardo Yzaguirre when he learned of same a short while after March 8, 1907; that Garcia was ready, willing, and able to buy within the year, and so informed Yzaguirre; and found the value of the land to be $1.75 per acre, there being 5,573.48 acres belonging to the defendants in porciones 90, 91, 92, and 93.

So much for pleadings and special findings. As a matter of fact, on March 7, 1907, the date of the letter upon which the alleged contract is based, neither Jesus Ma. Yzaguirre nor Eduardo Yzaguirre owned any interest whatever in porciones 90, 91, 92, and 93, and the only interest which Jesus Ma. Yzaguirre later acquired was that which Garcia conveyed to him on March 8, 1907, same being 1,463 acres. Cecilia and Josefa Villareal owned the other interest conveyed to Guerra and Monroe, along with that Yzaguirre acquired from Garcia.

Appellants the two Yzaguirres filed an extended motion for judgment on the pleadings and evidence, and on March 28, 1914, filed a motion to set aside the verdict of the jury and render judgment for them, and on the same day filed a motion asking for judgment on the $2,250 note, interest and attorney's fees. Those motions are made the basis of the assignments of error on this appeal, no motion for a new trial having been filed, but assignments of error were filed.

The court entered judgment in favor of Garcia against the two Yzaguirres for $3,-850.31, as damages due April 1, 1914, less the sum of $2,297.81 due on the principal and interest of the note on November 22, 1907, or a net judgment in Garcia's favor of $1,552.50. The Yzaguirres appeal.

Assignments of error were filed in the trial court, but no motion for a new trial, other than the motion for judgment for the defendants and a motion to render for the defendants on the verdict of the jury as returned.

Jesus Ma. Yzaguirre had no title to any part of porciones 90, 91, and 92 at the time the letters were written, and the only interest he had at the time the contract is alleged to have been breached is the 1,463 acres he purchased from Garcia. Yzaguirre testifies positively that he had no interest therein, but appellee insists that the copy of a deed made by him and others to Guerra and Monroe shows that he did have an interest. An inspection of that document shows that he sold all his right, interest, and title in porciones 90, 91, 92, and 93, which is given by acres as 147.52 acres in No. 90, 683.78 acres in No. 91, 522.75 acres in No. 92, and 3.83 acres in No. 93, which aggregates 1,357.88 acres. This is stated to be all he owns, and that includes 3.83 acres out of No. 93, which was not mentioned in the letters. He only warranted title to the above number of acres, but, to make the title complete, the latter part of the deed is made to include all the interest he owned, by inheritance or otherwise. So the amount sold was actually less than he purchased from Garcia; yet he conveyed all he had. Therefore, at the time transactions were had with Eduardo Yzaguirre, Jesus never owned any land in those porciones; he had nothing to sell.

[1] As to whether the motions filed were sufficient to relieve appellants from the necessity of filing a motion for a new trial need not here be decided, because the matters to which our attention is directed are fundamental.

[2] Our courts have often held that, where the vendor has no title, in executory contracts for the sale of land, that the purchaser is not entitled to recover the difference between the contract price and the market value; but, if he has paid the purchase money, he would be entitled to recover it back, with interest from the date of payment and any special damages accruing from having been induced to enter into the contract; and here he pleads no special damages. Vacarezza v. Realty Investment Co., 165 S. W. 516; Hahl v. West, 129 S. W. 876; Clifton v. Charles, 53 Tex. Civ. App. 448, 116 S. W. 121; Tinsley v. Dowell, 87 Tex. 23, 26 S. W. 946; Roberts v. McFadden, 32 Tex. Civ. App. 47, 74 S. W. 110; Hollingsworth v. Mexia, 14 Tex. Civ. App. 363, 37 S. W. 455; Sutton v. Page, 4 Tex. 142; Hall v. York, 22 Tex. 642; Wheeler v. Styles, 28 Tex. 240.

This court has often spoken on this matter. Chief Justice Fly said, in Hahl v. West, supra:

"In cases of executory contracts for the sale of land, in which the vendor has no title to the land, the purchaser is not entitled to recover the difference between the contract price and the market value, but, if he has paid the purchase money, is entitled to recover it with interest from date of payment, and any special damages accruing from having been induced to enter into the contract. If he has not paid any part of the purchase money, and the vendor did not own the land, no recovery could be had upon the breach of the contract, but the action could only be based upon a tort for inducing the purchaser to enter into such a contract. * * * The petition declared on a contract which was incapable of being specifically performed, because appellee did not own the land, and, no purchase money having been paid, no damage

could be recovered for a breach of the contract, and the court did not err in sustaining the general demurrer."

And Justice Neill made a similar holding in Clifton v. Charles, supra, while Mr. Justice Brown, of the Supreme Court, said, in Tinsley v. Dowell, supra:

"Dowell had no power to carry out the contract by making a deed to Tinsley. * * * Generally it is necessary that a contract should be mutually binding upon both parties in order to sustain an action by one for its enforcement or for damages for its breach. * * * It would be remarkable as a legal consequence that a man who was not bound to convey land, and could not be held liable for a failure to comply with the contract, might maintain a suit against the other party for a failure to complete the purchase. In this case Dowell could not have been made liable for the damages if the land had appreciated in value and Rogers had refused to convey in accordance with the contract."

The first assignment is sustained.

[3] The disposition we have made of the above assignment makes it unnecessary for us to deal specifically with any of the other assignments, except the fourth, which complains of the action of the court in refusing to instruct the jury to find for Jesus Ma. Yzaguirre the principal, interest, and attorney's fees due on the note given by Garcia. It seems that the trial court, in a measure, sustained the plea of limitation against said note. But in Garcia's pleadings he recognizes the principal and interest due on the note up to November 22, 1907, and asks that same be offset with his damages. It must also be recalled that appellee obtained an injunction against Yzaguirre when the suit was filed in December, 1907, restraining him from transferring the note, and in the writ which was served on him, under the seal of the court, he was further commanded to desist from filing suit on the note. This writ was served on him March 10, 1908, in Starr county, Tex. Further, in his original petition filed in 1907, and again in the third amended original petition filed in January, 1914, the note is declared to be, in substance, a valid obligation, and is alleged to form a part of the consideration for the contract sued upon. He, of necessity, recognized the binding force of the note, for, if he had not, a court of equity would have extended him scant welcome.

If we take the theory of appellee, the note formed a part of, and was inseparably connected with, the contract sued upon. He obtained an injunction restraining the transfer of the note, and the writ served upon Yzaguirre, under the seal of the court, also commanded him to desist and refrain from filing suit on the note. The assignment is sustained. Williams v. Pouns, 48 Tex. 141; Davis v. Andrews, 88 Tex. 524, 30 S. W. 432, 32 S. W. 513; Bowen v. Kirkland, 17 Tex. Civ. App. 346, 44 S. W. 189.

Appellee's cross-assignments are overruled.

The judgment of the trial court is reversed, and here rendered that appellee take nothing by reason of this suit, and that the appellant Jesus Maria Yzaguirre do have and recover of and from the appellee, Porfirio P. Garcia, the principal, interest, and attorney's fees due upon the note dated March 8, 1907, and that appellee pay all costs in this court and the court below.

The judgment is reversed, and here rendered.