### DAVIS v. SMITH.

### Opinion delivered November 14, 1921.

1. CARRIERS—FEDERAL CONTROL ACT—CONSTRUCTION.—The Federal Control Act was an exercise of paramount power which superseded the State's power to fix intrastate passenger rates.

2. CARRIERS—FEDERAL CONTROL ACT—LIABILITY FOR PENALTIES.—It was not the purpose of section 10 of the Federal Control Act to allow the Government to be sued for penalties.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

*Thomas S. Buzbee, H. T. Harrison* and *C. L. Johnson,* for appellant.

1. At the time the overcharge complained of occurred, the railroad was being operated by the Director General of Railroads, the road having been placed under Federal control by proclamation of the President in the exercise of the war powers conferred upon him by act of Congress of August 29, 1916; and rates had been initiated pursuant to the Federal Control Act of March 21, 1918, § 10. There was therefore no violation of the State statute. 250 U. S. 135.

2. The Federal Control Act does not permit recovery of fines or penalties provided by State statutes from the Government. *Missouri Pacific R. R. Co.* v. *Ault,* 41 S. C. Rep. 593. § 887, C. & M. Digest, is a penalty statute. 114 Ark. 517; 95 *Id.* 218; 95 *Id.* 211.

No brief for appellee.

WOOD, J. This is an action by the appellees against the appellant to recover the statutory penalty provided in section 887, Crawford & Moses' Digest, for an admitted overcharge of passenger fare paid by the appellees for the transportation of their minor child between Bauxite, Arkansas, and Benton, Arkansas, on November 22, 1919. The Chicago, Rock Island & Pacific Railway Company's train on which the child was a passenger was at the time being operated by Walker D. Hines as Director General of Railroads under the proclamation of the President of the United States in exercise of the war powers conferred upon him by acts of Congress August 29, 1916, and March 21, 1918. Section 10 of the latter act provides: "That, during the period of Federal control, whenever in his opinion the public interest requires, the President may initiate rates, fares, charges, classifications, regulations, and practices by filing the same with the Interstate Commerce Commission, which said rates, fares, charges, classifications, regulations, and practices shall not be suspended by the commission pending final determination."

The justness and reasonableness of these fares initiated by order of the President were under the act subject to review by the Interstate Commerce Commission, such commission at the hearing to take into consideration the fact that the transportation systems were being operated under a unified and coordinated national control and the finding and certificate of the President and his recommendations concerning the expense of operation under Federal control. The passenger tariff in effect at the time of the overcharge was one promulgated by the government railroad administration and approved by the Interstate Commerce

Commission, known as local passenger tariff No. 28, and contained in a schedule of passenger fares between local points on the Arkansas Division of the Chicago, Rock Island & Pacific Railway Company, of which Bauxite and Benton are stations.

In *Northern Pacific Railway Company* v. *North Dakota,* 250 U. S. 135, it is held, quoting syllabus: "The Federal Control Act being an exercise of a complete, exclusive and necessarily paramount Federal power (the war power) and its provision for a complete change to Federal control being clear and unambiguous, there can be no room for a presumption that State control over intrastate rates was to remain unchanged because it previously existed." It is further held that the Government under the Federal Control Act "is granted the power through the President and the Interstate Commerce Commission to fix the rates on intrastate traffic, superseding the State power over that subject."

It follows that the present action will not lie to enforce the penalty imposed by section 887, Crawford & Moses' Digest.

In the recent case of *Missouri Pacific Ry. Co.* v. *Ault,* 41 S. C. Rep. 593, it was held that it was not the purpose of sections 10 and 15 of the Federal Control Act of Congress to allow the Government to be sued for penalties. Justice BRANDEIS, in that case, speaking for the Supreme Court of the United States, said: "The purpose for which the government permitted itself to be sued was compensation, not punishment. In issuing General Order No. 50, the Director General was careful to confine the order to the limits set by the act, by concluding the first paragraph of the order, 'provided, however, that this order shall not apply to actions, suits, or proceedings for the recovery of fines, penalties and forfeitures.'"

The judgment is therefore reversed, and the cause dismissed.