## GULF, C. & S. F. RY. CO. et al. v. McGOWN. (No. 780.)

(Court of Civil Appeals of Texas. Beaumont. March 11, 1922. Rehearing Denied March 29, 1922.)

1. Railroads ⊙⇒5½, New Vol. 6A Key-No. Series—Government not liable for penalties.

No action can be maintained against the United States Railroad Administration to enforce a penalty under Rev. St. art. 714, for injuries to live stock in transit.

2. Appeal and error ⊙⇒237(6), 268(1), 294(1) —Where no exception raised, sufficiency of evidence to support verdict not inquired into on appeal.

Where no exception is made to issues submitted to the jury, and no motion is made to set aside the findings, nor exceptions to the findings raised in a motion for new trial, the sufficiency of the evidence to sustain such findings cannot be inquired into on appeal.

Appeal from Sabine County Court; W. C. Arnold, Judge.

Action by R. G. McGown against the Gulf, Colorado & Santa Fé Railway Company and another. From judgment for plaintiff, defendants appeal. Affirmed in part; reversed in part.

Hamilton & Hamilton, of Hemphill, and Terry, Covin & Mills, of Galveston, for appellants.

Minton & Lewis, of Hemphill, for appellee.

WALKER, J. In February, 1920, appellee shipped two cars of cattle over the lines of

the Gulf, Colorado & Santa Fé Railway Company from San Augustine, Tex., one car to Lagrange, Tex., and the other to Dan Berry, Tex. This suit was against James C. Davis, Agent of the United States Railroad Administration, for damages for injuries received by the cattle while being transported to their destination. The trial was to a jury on special issues, and on their verdict judgment was rendered in favor of appellee for $450 actual damages. In addition to that sum, the trial judge rendered judgment in appellee's favor for $300 by way of penalty under article 714, Revised Civil Statutes.

[1] The judgment by way of penalty cannot be sustained. As said by Mr. Justice Brandeis, speaking for the Supreme Court of the United States in Railway Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. ——:

"The purpose for which the government permitted itself to be sued was compensation, not punishment. In issuing General Order No. 50, the Director General was careful to confine the order to the limits set by the act, by concluding the first paragraph of the order: 'Provided, however, that this order shall not apply to actions, suits, or proceedings for the recovery of fines, penalties, and forfeitures.'"

See, also, Davis v. Smith (Ark.) 234 S. W. 484; Northern Pacific Railway Co. v. North Dakota, 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897.

[2] No point is made by appellant against the verdict of the jury finding that the cattle were negligently injured. As appellant did not except to the issues submitted to the jury, requiring them to find the amount of appellee's damages, and as he made no motion to set aside their findings on that issue, and as he did not except to such findings in his motion for new trial, he cannot now inquire into the sufficiency of the evidence to sustain such finding. Green v. Hall (Tex. Civ. App.) 203 S. W. 1175; Neeley v. White (Tex. Civ. App.) 208 S. W. 991; Insurance Co. v. Burwick (Tex. Civ. App.) 193 S. W. 165.

Though not required to do so, we have gone to the statement of facts, and in our judgment the evidence is sufficient to sustain the verdict of the jury. We also find in the transcript a bill of exceptions, referred to in appellants' argument, complaining of the admission of certain testimony. As presented by the bill, no error was shown in receiving this testimony. As the issues were not properly raised by propositions, we refrain from further discussing the facts or plaintiff's bill of exception.

The judgment in favor of appellee for $300 for damages by way of penalty is reversed, and judgment here rendered in favor of appellant. The judgment in favor of appellee for his actual damages in the sum of $450 is affirmed.