## GAVITO et al. v. BROOKS.  (No. 7192.)

(Court of Civil Appeals of Texas. San Antonio. June 11, 1924. Rehearing Denied Nov. 12, 1924.)

**Appeal and error** ⊂⟶294(1)—**Motion for new trial is essential on which to predicate assignment of error based on insufficiency of evidence to support jury's findings.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, a motion for new trial is essential on which to predicate assignments of error based on insufficiency of facts to sustain findings of jury.

Appeal from Cameron County Court; Oscar C. Dancy, Judge.

Action by A. L. Brooks against J. L. Gavito and another, who interposed a cross-action against O. A. Lasiter. From the judgment rendered for plaintiff, first two defendants appeal. Affirmed.

Canales, Davenport & West, of Brownsville, for appellants.

Rabel & Hornaday, of Harlingen, and Graham, Jones, Williams & Ransome, of Brownsville, for appellee.

⊂⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

COBBS, J. Appellee, A. L. Brooks, instituted this suit in the county court of Cameron county against appellants J. L. Gavito and G. M. Lozano, to recover the sum of $498.32, the value of certain goods, wares, and merchandise alleged to have been sold, upon an open account, by the Valley Wholesale Grocery Company, a corporation (which hereinafter for brevity will be referred to as "the company"), to J. L. Gavito, on or about March 17, 1921. It was alleged that the company was adjudged bankrupt May 22, 1922, the assets of the company sold, including the account sued on, and that appellee, A. L. Brooks, bought said assets and the account sued on. · It was alleged that about April 6, 1922, said J. L. Gavito sold his business to his codefendant, G. M. Lozano, without complying with the Bulk Sales Law, and thereby said G. M. Lozano became also liable for said account to the company. It was also alleged that "the defendant (J. L. Gavito) then and there promised plaintiff (A. L. Brooks) to pay it the sum of money in said account specified," that said account was past due, and the defendant had failed and refused to pay the same. Plaintiff's amended petition did not set forth the items constituting the account sued on, but referred to the account as "Exhibit A, and made part hereof," but said exhibit was not in fact attached to said petition; and there was no allegation in said petition that Gavito ever promised to pay the company said account.

Defendant Gavito answered (a) by general demurrer, (b) by general denial, (c) pleaded payment to the company, (d) by special plea denying he ever bought said goods from the company, but that he received them from one O. A. Lasiter in payment of certain stock sold by him to Lasiter under special contract; and (e) denied under oath the account as just or true in whole or in part. Defendant G. M. Lozano adopted the answer of his codefendant. To this plaintiff filed his first supplemental petition denying that Lasiter had authority for the company to enter into such contract or to issue merchandise in payment for said stock.

The cause was submitted to a jury on special issues, and on the answer thereto judgment was rendered that appellee recover of J. L. Gavito and G. M. Lozano $348.32, and that Gavito recover of the defendant O. A. Lasiter the sum of $348.32, and that G. M. Lozano take nothing by his action. This appeal was prosecuted by. J. L. Gavito and G. M. Lozano.

Appellants filed a motion for new trial, but the same was never presented to or acted upon by the court, but it was practically abandoned. There is no motion for new trial upon which to base assignments of error, and consequently there are none in the record.

This case having been tried before a jury, a motion for new trial was absolutely necessary upon which to predicate assignments of error based on insufficiency of the facts. Rev. Stats. art. 1612; Taylor v. Davis (Tex. Civ. App.) 234 S. W. 104; Railway v. McGown (Tex. Civ. App.) 239 S. W. 282. No fundamental error is apparent of record. The original opinion is withdrawn.

The judgment is affirmed.

### On Motion for Rehearing.

The writer of the original opinion yielded to the views of his able associates, and, with reluctance, wrote the opinion, on application of appellee, setting aside the former opinion and affirming the judgment of the trial court.

Now, after considering the motion filed by appellants for rehearing, on the 18th day of June, 1924, which, on account of the importance underlying the procedure in such cases, was held up for consideration, as it could not be disposed of prior to the adjournment, we have now reached a final conclusion.

The writer is inclined to the opinion that the alleged errors are fundamental, and are raised practically as they were raised by one of the attorneys here, Mr. Harbert Davenport, who raised them in the case of Yzaguirre v. Garcia (Tex. Civ. App.) 172 S. W. 139. Against the earnest protest of the appellee, Garcia, who presented similar objections to the consideration thereof as here urged by appellee, this honorable court considered the assignments, and in its opinion, on page 141 of 172 S. W., said:

"Assignments of error were filed in the trial court, but no motion for a new trial, other than the motion for judgment for the defendants and a motion to render for the defendants on the verdict of the jury as returned."

And again, the court said, in the same opinion:

"As to whether the motions filed were sufficient to relieve appellants from the necessity of filing a motion for a new trial need not here be decided, because the matters to which our attention is directed are fundamental."

However, as the majority of this court insists upon overruling the motion for rehearing, that will be the order of the court, and appellants' motion for a rehearing is overruled.