**EBERSOLE v. SAPP.** (No. 23–2643.)

(Commission of Appeals of Texas, Section A. Jan. 15, 1919.)

1. MASTER AND SERVANT ⬥258(19)—INJURY TO SERVANT—CONSTRUCTION OF PETITION.

General allegations as to a manhole being an unsafe place to work and as to master's failure to warn a servant as to the possibility of an explosion when an iron bucket used by him struck a hard substance, should be construed with reference to an explosion of gas and as to the cause thereof, specifically alleged to have been the striking of the bucket against the wall of the manhole.

2. NEGLIGENCE ⬥1—KNOWLEDGE—"CULPABLE IGNORANCE" — CONSTRUCTIVE KNOWLEDGE.

Negligence can only be predicated upon actual or constructive knowledge, and ignorance of facts exonerates from liability, unless such ignorance is culpable, which is such as results from failure to exercise ordinary care to acquire knowledge.

3. NEGLIGENCE ⬥1—CARE REQUIRED—CONSTRUCTIVE KNOWLEDGE.

A knowledge which would have been acquired by the exercise of ordinary care is imputed, and the person who would have so acquired it is deemed to have had constructive knowledge.

4. MASTER AND SERVANT ⬥97(2)—ANTICIPATION OF DANGERS—TOOLS AND APPLIANCES.

To render the master's acts in furnishing a servant with a certain instrumentality for his work negligent, it must be found that an ordinarily prudent man in the exercise of reasonable care would have anticipated some injury as the result of its use in such work.

5. MASTER AND SERVANT ⬥101, 102(1)—TOOLS AND APPLIANCES—CARE REQUIRED.

A master is not negligent in furnishing an instrumentality for use by a servant if it would have been considered by an ordinarily prudent person in the exercise of ordinary care a proper instrumentality for use in the manner and place and for the work for which it was furnished.

6. MASTER AND SERVANT ⬥97(1), 101, 102(2)—LIABILITY—NEGLIGENCE—ACCIDENT.

A master is not an insurer of the servant's safety, but is bound only to the exercise of ordinary care, and is not bound to provide against, or liable for, the results of a mere accident, and whether an act is negligent or accidental is to be determined by the standard of the conduct of an ordinarily prudent person in the exercise of reasonable care.

7. MASTER AND SERVANT ⬥97(2) — NEGLIGENCE OR ACCIDENT—DEGREE OF CARE.

If an injury resulting from an act could have been reasonably anticipated, or foreseen by an ordinarily prudent person in the exercise of ordinary care, the occurrence is not accidental.

8. MASTER AND SERVANT ⬥278(3)—INJURY TO SERVANT—SAFE PLACE TO WORK—NEGLIGENCE—EVIDENCE.

In action by a servant injured by an explosion of accumulated gas alleged to have resulted when the iron bucket furnished him struck a hard substance, brought on the theory of the master's negligence in permitting the accumulation of gas, evidence *held* not to show the alleged negligence.

9. MASTER AND SERVANT ⬥278(20)—FAILURE TO WARN SERVANT — NEGLIGENCE — EVIDENCE.

In action by servant injured by an explosion of accumulated gas alleged to have resulted when bucket struck a hard substance, brought on theory of negligence in failing to warn servant of the danger of ignition when the bucket struck a hard substance, evidence *held* not to show the negligence alleged.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by M. Sapp against F. E. Ebersole and the Houston Home Telephone Company. From a judgment of the Court of Civil Appeals, Fourth District (160 S. W. 1137), affirming a verdict and judgment against defendant, Ebersole, and in favor of the Houston Home Telephone Company, he brings error. Reversed, and judgment rendered for defendant Ebersole.

W. L. Cook, of Houston, for plaintiff in error.

Green & Boyd, of Houston, for defendant in error.

SONFIELD, P. J. Plaintiff, M. Sapp, sued defendant F. E. Ebersole, together with the Houston Home Telephone Company and the Houston Gas Company, to recover damages for personal injuries. The suit was dismissed as to the Houston Gas Company. A trial to a jury resulted in a verdict and judgment against defendant Ebersole, the court instructing the jury to find in favor of the Home Telephone Company. On appeal the judgment of the district court was affirmed. 160 S. W. 1137.

Plaintiff was in the employ of defendant Ebersole, an independent contractor engaged in working upon the property of the telephone company. While at work bailing water out of a manhole, and using for this purpose a metallic bucket furnished him by defendant, gas which had accumulated in the manhole was ignited, and in the resulting explosion plaintiff was injured.

Plaintiff alleged negligence on the part of defendant in permitting the accumulation of gas, or other inflammable matter in the manhole; in failing to warn plaintiff of the presence of same, and the danger thereof; in furnishing and providing plaintiff with an iron

bucket or a bucket made of some hard substance when defendant knew, or could have known by the exercise of proper diligence and care, of the danger of igniting said gas by striking said bucket against the cement walls of said hole, or other hard substance therein, and in failing to warn plaintiff of the danger of the gas becoming ignited in such manner; that the cause of the ignition of the gas was due to the striking of the bucket so furnished him by defendant against the wall of the manhole, which was made of cement, brick, or some other hard substance. His allegations and theory of the case were that the metal bucket, striking against the concrete, brick, or other hard substance in the manhole, generated a spark which ignited the gas, resulting in the explosion.

Defendant's theory was that plaintiff went into the manhole with a lighted cigarette, or struck a match to light a cigarette while in the manhole, thus causing an explosion of the gas. There was evidence that plaintiff did go into the manhole with a lighted cigarette, but plaintiff made denial of this and of having lighted a match while in the manhole.

The Court of Civil Appeals finds that plaintiff had been engaged in this character of work in various manholes for several weeks; that in some of the manholes there was an accumulation of gas, in others none, this being known to both plaintiff and defendant; that neither plaintiff nor defendant had knowledge that there was danger of generating a spark in the use of the bucket in such place and manner. It was admitted on the trial that a spark would ignite combustible gas such as was present in this manhole.

There was evidence that:

"Friction caused by a zinc or iron bucket or iron substance coming in contact with concrete will produce a spark, or coming in contact with brick will do it."

The undisputed evidence is that the sides of this manhole were built of soft porus brick, at the bottom was concrete finished off with a coating of cement; that the concrete was not a hard mixture, and the coating of cement somewhat softer than the concrete; that tests with an iron bucket in this manhole, striking same against the sides and bottom failed to produce a spark.

[1] The general allegations as to unsafe place in which to work and failure to warn must be construed with reference to the explosion and to the cause of the explosion as specifically alleged. Thus viewed, the presence of gas and failure to warn are immaterial, except when considered with reference to the bucket so furnished and used. Given a proper instrumentality with which to work, the manhole, notwithstanding the accumulation of gas, would not have been an unsafe place. The danger of explosion from the ac-

cumulation of gas arose only by reason of the use of the metallic bucket. But for the furnishing of this bucket and its use, under plaintiff's allegations, there would have been no spark, no ignition of the gas, and no explosion. In the absence of danger there would be no occasion to warn the plaintiff. The vital question for determination is: Was defendant negligent in furnishing plaintiff a metallic bucket under the circumstances and for the purpose for which same was furnished?

[2-5] Negligence can only be predicated upon knowledge, actual or constructive. Ignorance of facts exonerates from liability, unless such ignorance is culpable. Culpable ignorance is that which results from a failure to exercise ordinary care to acquire knowledge. Knowledge which could be acquired by the exercise of ordinary care is by the law imputed to the person, and he is held to have constructive knowledge. "The foundation of liability is knowledge—or what is deemed in law the same thing, opportunity by the exercise of reasonable diligence to acquire knowledge—of the peril which subsequently results in the injury." 20 R. C. L. 13. To render the act of the master negligent in furnishing a servant a certain instrumentality for use in the work in which he is engaged, it must be determined that an ordinarily prudent man, in the exercise of reasonable care, would have anticipated some injury as a result of its use in such work. 3 Labatt, Master & Servant (2d Ed.) 2748. The master cannot be held negligent in furnishing an instrumentality for use by the servant, if the instrumentality would have been considered by an ordinarily prudent person, in the exercise of ordinary care, a proper one for use in the manner and place and for the work for which it was furnished. Railway Co. v. Alexander, 103 Tex. 594, 132 S. W. 119.

[6, 7] The master is not an insurer of the safety of the servant, but is bound only to the exercise of ordinary care. He is not required to provide against, and is not held liable for, the results of a mere accident. Whether an act is negligent and actionable or accidental and without legal redress is to be determined by the standard of the conduct of the ordinarily prudent person in the exercise of reasonable care. If the injury resulting from the act could have been reasonably anticipated or foreseen by an ordinarily prudent person, in the exercise of ordinary care, the occurrence is not accidental. If, however, the injury could not have been thus foreseen or anticipated, it is an accident for which there is no legal redress. 20 R. C. L. 20. Lumber Co. v. Denham, 85 Tex. 56, 19 S. W. 1012.

As stated by Chief Justice Gaines in Railway Co. v. Bigham, 90 Tex. 223, 38 S. W. 162:

"It ought not to be deemed negligent to do or to fail to do an act, when it was not anticipated and should not have been anticipated that it would result in injury to any one. To require this is to demand of human nature a degree of care incompatible with the prosecutions of the ordinary avocations of life. It would seem that there is neither a legal nor a moral obligation to guard against that which cannot be foreseen, and under such circumstances the duty of foresight should not be arbitrarily imputed."

[8, 9] Applying these well-settled principles of the law to the facts in this case, we are convinced that the act of defendant was not negligent. The occurrence was unusual and extraordinary. There is no evidence of a similar occurrence, the generation of a spark by striking a metallic bucket against the brick or concrete of a manhole in dipping up water therefrom. There was evidence that a spark could be produced from concrete or brick by contact with a zinc or iron bucket. In order to do this, as is well known, there is required a blow of some force. There is no evidence that in the work being performed by plaintiff and in the manner of its performance as disclosed by the evidence, it was necessary or probable, if possible, that the bucket would be struck against the brick or concrete with sufficient force to produce a spark. There was no evidence that such a bucket striking against the walls or bottom of a manhole, constructed of the character of brick, concrete, and cement as was this manhole, would produce a spark; all the evidence is to the contrary. Other manholes, similarly constructed, in which gas had accumulated, were worked in by plaintiff, he using a like instrumentality in the same work, and there is no evidence that this was not the usual and customary instrumentality for use in bailing water out of manholes. Conceding that on this occasion a spark was produced through the striking of the bucket against the wall or bottom of the manhole, this would not stamp as negligent the act of defendant in furnishing the bucket for such use. The question of negligence is not determined by the fact that a spark was so produced. The test is, Could such a result or any injurious result be anticipated by an ordinarily prudent person in the exercise of ordinary care, in so furnishing the bucket? Thus tested, there is in our opinion no evidence to establish negligence.

The trial court should have given the charge requested by defendant, instructing the jury to return a verdict for defendant.

We are of opinion that the judgment of the Court of Civil Appeals, affirming the judgment of the district court, should be reversed, and judgment here rendered for defendant.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.