# BURKE et ux. v. STATE FAIR OF TEXAS.
## No. 11907.

Court of Civil Appeals of Texas. Dallas.
March 28, 1936.

Rehearing Denied April 25, 1936.

Davidson, Randall & Gray, of Dallas, for plaintiffs in error.

Bartlett, Thornton & Montgomery, of Dallas, for defendant in error.

JONES, Chief Justice.

·In a suit instituted in a district court of Dallas county by plaintiffs in error, A. E. Burke and wife, Mrs. A. E. Burke, to recover damages against defendant in error, the State Fair of Texas, for injuries received by Mrs. Burke while attending a ·high school football game at the athletic bowl at Fair Park, judgment was entered on an instructed verdict in favor of the defendant in error, at the conclusion of plaintiffs in error's evidence. An appeal has been duly perfected, and the following are the necessary facts:·

Plaintiff in error's petition is carefully drawn and the allegations are sufficient to state a cause of action. In brief, the allegations show defendant in error's connection with the production of the football game and the payment by plaintiff in error (which term will refer to Mrs. Burke, as Mr. Burke did not attend the football game) of the price charged for entrance into the fairgrounds and the additional price for entrance into the athletic bowl. That portion of the petition which alleges negligence is as follows:

"Plaintiff would further show that in the· exercise of ordinary care for her own· safety she was proceeding down an aisle in said stadium or athletic bowl in search of a seat from which she could witness said football game, when suddenly and without warning, from her rear someone came rolling down the steps of said aisle and crashed into said plaintiff, Mrs. A. E. Burke, severely injuring her in the following respects" (here follows description of the severe injury to her leg, which injury is alleged to be permanent).

"Plaintiff would further show unto the Court that there was a stick or obstruction securely fastened to the steps in the aisle of said stadium and in the place provided for the public, and plaintiffs in particular, to walk in search of. seats to witness games produced by the defendant, which said stick protruded above the surface of said steps in such manner as to be dangerous and to cause one to fall and stumble over said stick or obstruction; and that one Sallie Anton, coming down said aisle to the rear and several steps above the plaintiff. Mrs. A. E. Burke, at the time and on the occasion in question, ·stumbled over said stick or obstruction and rolled down said aisle, striking the plaintiff, Mrs. Burke, from the rear without warning and causing the injuries to plaintiff hereinbefore and hereinafter complained of, and plaintiffs would show that such injuries to plaintiff were directly and proximately caused by the negligence of the defendant in the following respects, and in all and each of them * * *."

The above allegations of fact are made the basis of the following allegations of negligence:

"(a) In negligently constructing said stadium and said aisle thereof in securely fastening said stick or obstruction thereto so that the same was a rail thereof, so that it would protrude above the surface of said steps in such manner as to cause the public and Sallie Anton in particular, to stumble and fall in said aisle."

"(c) In failing to keep said aisle in such stadium reasonably safe and free from obstruction for the use of the public in general, and Sallie Anton and the plaintiffs in particular."

"(f) In failing to supply sufficient ushers for the welfare and safety of the patrons of defendant attending said football game, and for the plaintiffs in particular."

"(g) In failing to keep a proper lookout for obstructions in the aisles of said stadium, and for the safety of defendant's patrons attending said football game, and the plaintiffs in particular."

"(1) In failing to provide any ushers at the time and on the occasion in question."

The undisputed evidence shows that ·the game was a high school game, and that appellee did not furnish ushers for a high school game in which it was interested; there is therefore no evidence of actionable negligence because of its failure to furnish ushers for the game in question.

On the other grounds of recovery, negligence is alleged: (1) In respect to the faulty construction of the aisle in which plaintiff in error was injured, because the stick or obstruction with which Miss Sallie Anton collided, and which caused her to fall against plaintiff in error, was a part of the permanent construction of the aisle; (2) negligence was alleged because of the failure of defendant in error to keep the aisle in which the accident occurred reasonably safe and free from obstruction. In the

discussion, these two grounds of alleged negligence will be considered together.

Miss Anton was the only witness who testified as to any issue of negligence, and condensed to narrative form, her testimony is: That she was walking down the steps of the aisle in question in order to get a front seat, and when she was about halfway down the steps, her foot caught under a stick, and she fell and started rolling, and rolled down about eight steps, and struck the leg of a woman whom she afterwards learned to be the plaintiff in error; that the stick seemed to her to be stationary; that it did not seem to be pulled out when her foot struck it, or anything like that, but it stayed there; it caught her heel, and she went rolling down some eight or ten steps, when she collided with plaintiff in error. This witness further testified that she was "sure-footed," was 20 years of age at the time of the trial, and had participated in high school athletics. On cross-examination, she testified that she did not knock the stick loose, for it seemed to stay there. She did not recall seeing any one else stumble over said stick, while she remained at the football game. She took a seat near the aisle, where she had collided with the plaintiff in error. The deposition of this witness had been taken previous to the trial, and a portion of same was introduced in evidence by plaintiff in error. In this deposition she stated that she fell down the steps; that there was a stick sticking up and that it caught on her heel; that she saw the stick for the first time when she was going down, and did not know about it until after she had hit it.

The evidence also showed that plaintiff in error had preceded Miss Anton down the aisle, and was some steps in front of her when the collision occurred; that plaintiff in error was accompanied by her grown son, and was leaning on his arm when she was struck by Miss Anton; that she was held up and supported by her son and another gentleman who came to her aid; that her leg was broken in two places and her ankle badly turned; and that she still suffered from the injury.

■ This is all of the evidence we have been able to find bearing on the question of negligence, and as peremptory instructions were given at the close of plaintiff in error's testimony, this evidence must be accepted as true and all reasonable inferences therefrom favorable to plaintiff in error must be indulged. The question to be determined on this appeal is: Does the evidence raise an issue of actionable negligence? If it does, the court erred in giving peremptory instruction.

■ Under the circumstances of this case, defendant in error owed the duty to those who attended the football game, by paying the admission price, to exercise ordinary care for their safety, and a breach of this duty by defendant in error would be negligence, and if it was the proximate cause of the injury received, such negligence would be actionable, and the injured party could require defendant in error, in a proper suit, to respond in damages. Henry v. Publix Theatres Corp. (Tex.Civ.App.) 25 S.W.(2d) 695 (writ of error refused).

■ In the instant case, if the aisle in question was obstructed by the alleged protruding stick, and such obstruction entered into the permanent construction of the aisle; or, if not a part of the permanent construction, if the fact that the stick was protruding above the surface was known to the defendant in error; or, if not known, but such condition of the aisle in respect to such stick is shown to have existed for such a period of time that, in the exercise of ordinary care for the safety of its patrons, defendant in error is charged with knowledge of such condition—then, in either of these events, the issue of negligence would be a question for the jury. Bleich & Co. v. Emmett (Tex.Civ.App.) 295 S.W. 223; 45 C.J. 837, § 245, and authorities cited in notes.

■ Negligence can only be predicated upon knowledge, actual or constructive. Ebersole v. Sapp (Tex.Com.App.) 208 S.W. 156; Comanche Duke Oil Co. v. Texas Pacific Coal & Oil Co. (Tex.Com.App.) 298 S.W. 554; 30 Tex.Jur. 662, § 17. If the condition of the aisle complained of was due to a faulty construction, defendant in error is charged, as a matter of law, with knowledge of such construction; if defendant in error knew of such condition, though it was not a part of the construction, the defendant in error is charged with actual knowledge of such condition; or, if such condition had existed for such length of time as that an ordinarily prudent person should have known it, then defendant in error is charged with constructive knowledge of the same. If either of these conditions is shown to have

existed, there is raised a jury issue as to the defendant in error's negligence.

On the other hand, if the evidence fails to raise an issue of fact as to the protruding stick being a part of the construction of the aisle, and also fails to raise an issue of fact that defendant in error had either actual or constructive knowledge that a stick was protruding above the surface of the aisle, then the plaintiff in error failed to discharge the burden of proof to show actionable negligence, and plaintiff in error's case failed. Graham v. F. W. Woolworth Co. (Tex.Civ.App.) 277 S.W. 223; Wilson v. Werry (C.C.A.) 137 S.W. 390, 391 (writ denied); 62 C.J. 879, § 80.

■ Does the evidence raise the issue of the protruding stick being a part of the construction of the aisle? The aisle was constructed with steps leading down from the place of entrance to the surface on which the playing field was constructed. The plaintiff in error proceeded down the aisle beyond the place where the stick protruded above the surface of the steps. Miss Anton followed behind her, and her foot caught on this stick, which resulted in a violent fall, and further down the aisle, in a violent collision with the plaintiff in error. It is not shown by any evidence that this stick performed any function whatever in the construction of the aisle. So far as this record shows, no one else had ever noticed it. It is inconceivable that such permanent obstruction could have been in the aisle without its having been theretofore or thereafter observed. That Miss Anton fell over this protruding stick on the occasion in question is an established fact on this appeal. But this isolated fact does not authorize the conclusion that the protruding stick was a part of the permanent construction of the aisle. It would be mere speculation to indulge such a conclusion. We therefore hold that the evidence does not raise the issue of the existence of this protruding stick as a part of the permanent construction of the aisle.

■ Does the evidence raise the issue of defendant in error's actual or constructive knowledge of the fact that there was a protruding stick in the aisle? Clearly, there is no evidence of any actual knowledge on the part of the defendant in error. The only evidence of constructive knowledge is the existence of the protrud-

ing stick at the time Miss Anton stumbled over it. She said that it did not seem to give way when her heel struck it. Is it a legitimate inference to draw from this fact that the stick had been in such place for such an appreciable length of time as that defendant in error, in the exercise of ordinary care for the safety of its patrons, should be charged with knowledge of its protruding above the surface of the aisle? We think not. For certainly, out of the many persons who used this aisle, some one would have observed the stick. To assume that the stick had been in such position for such time would be to indulge in mere speculation in respect to a fact, the burden of proving the existence of which rested on the plaintiff in error. We therefore hold that the evidence does not raise the issue of either actual or constructive knowledge of defendant in error, as to the condition of this aisle in respect to the protruding stick at the time of the accident.

It necessarily follows that, in our opinion, the trial court did not err in giving the peremptory instruction in favor of defendant in error, and that this cause should be affirmed, and it is so ordered.

Affirmed.