### TEXAS CONSOL. THEATRES, Inc., v. PITTMAN.*

No. 8343.

Circuit Court of Appeals, Fifth Circuit.

Dec. 3, 1937.

*Rehearing denied Jan. 17, 1938.

W. B. Handley and C. J. Shaeffer, both of Dallas, Tex., for appellant.

Thos. E. Hayden, Jr., of Abilene, Tex., for appellee.

Before SIBLEY and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

This action was originally filed by S. H. Pittman and his wife, Ethel Pittman; but upon a plea of misjoinder by the appellant, alleging that the cause of action (if any existed) was community property which the husband alone was entitled to maintain, the petition, by leave of court, was amended so as to permit him to prosecute the suit solely in his name, both in his own behalf and as the representative of the community estate.

In accordance with the jury's verdict, a judgment against appellant was entered awarding the appellee damages as the result of injuries to his wife, which she suffered from a fall in a theater operated by appellant. There is no conflict in the evidence, except possibly in the expert opinions of two architects, one of whom was the only witness offered by the appellant during the entire trial. The crucial question in this controversy is whether under all the facts the jury were warranted in inferring from the evidence that the injury was caused by appellant's negligence.

The appellant was the operator of a public theater, to the performances of which all persons were invited upon the payment of fixed charges for admission. It was required to exercise the care of an ordinarily prudent person to make the premises reasonably safe for its patrons.

Blakeley v. White Star Line, 154 Mich. 635, 118 N.W. 482, 19 L.R.A.(N.S.) 772, 129 Am.St.Rep. 496; Burke v. State Fair of Texas (Tex.Civ.App.) 93 S.W.2d 765.

Liability must rest upon the negligence of the defendant, directly and proximately contributing to the injury. Negligence may be predicated only upon knowledge, actual or constructive. If the injury was due to faulty construction, knowledge is presumed as a matter of law. If not due to faulty construction, knowledge is presumed if the condition had existed so long that an ordinarily prudent person should have known it. If either of these conditions was shown to exist, there was an issue for the jury. Upon this issue the plaintiff had the burden of proof from the beginning to the end of the trial. Henry v. Publix Theatres Corporation (Tex.Civ. App.) 25 S.W.(2d) 695.

The verdict of the jury establishes the fact that, about 9 p. m. on the evening of November 20, 1935, appellee and his wife, after buying the necessary tickets, were admitted to one of appellant's regular shows. They went upstairs to the balcony. The performance had commenced. No usher was in sight, and there is no evidence that any was on duty. The aisles were not lighted, and there was no light in the theater except that reflected from the screen. After looking a few seconds, they saw the outline of three vacant seats a few rows back, and attempted to reach them as best they could in the dim light. They started down the aisle stairway, to which there were no foot lights, the husband holding his wife by the arm. They were proceeding carefully when something "moved out from under" her foot, and she fell down a flight of stairs, receiving serious injuries and being rendered unconscious.

There was evidence as to the angle and construction of the stairway, as to the measurements of the treads and risers of the steps, and as to the quality and resilience of the carpet, from which the jury may reasonably have inferred that it was the carpet which moved under her foot and that the construction of the stairway was unsafe. It was a velvet carpet, probably a half inch thick including the padding under it, and was laid on concrete steps. It had resilience and probably had a tendency to roll under the tread, especially when the ball of the foot pressed on the edge of the steps. If the aisle stairway, so inclined and so carpeted, ordinarily afford-

ed an unsafe way for patrons, as the jury probably inferred from the evidence, the hazard was increased in the special circumstances by alternating wide and narrow treads with no direct lighting thereon.

Taking into consideration all the facts and circumstances in evidence and the common knowledge which jurors are presumed to have with reference to the standard construction and operation of similar theaters, we cannot say that the jury did not fairly and reasonably infer negligence on the part of the appellant as a direct and proximate cause of the injury. There was substantial evidence to support such an inference, and, no reversible error appearing in the record, the judgment appealed from is affirmed.