

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~ASSISTANT~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-1638
Re: Designation of property owned and
held under conditions set forth
as homestead.

We acknowledge receipt of your letter of October 26, 1939, in which you request the opinion of this department on the question of whether or not real estate held under the conditions therein set forth can be claimed as a residence homestead for the purpose of exempting it from the payment of state taxes, as authorized by Section 1 (a), Article VIII, of the Constitution of Texas. We quote from your letter the fact situation therein set out:

"A state employee, at one time owned property in Collin County that had been used as a home, prior to the time the person was employed by the State. The employment requires the person to live in the City of Austin and the property was designated for a number of years, as a residence homestead and the exemption was allowed by the Tax Assessor-Collector, of Collin County. This person, during the years in question, voted in Collin County, as authorized by Article 2958, Revised Civil Statutes.

"About two years ago the property was sold and the money received from the sale, was used to purchase a home in the city of Waxahachie, Ellis County, Texas. Since the purchase of the property at Waxahachie, the person has been paying a poll tax in Ellis County.

"Due to the fact that the employment requires the taxpayer to reside inthe City of Austin, she has not lived on the Waxahachie property. Under the circumstances, could the Waxahachie property be claimed as a residence homestead, in order to receive the benefit of the homestead amendment?"

Your letter of October 30, 1939, supplementing your letter of October 26th, contains the following statement:

"Complying with your request, you are advised that the State employee referred to in our letter of Oct. 27th, has informed us that it is her purpose to use the property in Waxahachie, Texas, as her residence homestead, when she quits working for the State or at such time the employment might permit her to reside in that city."

In rendering an opinion on this subject, it is necessary for us to assume that the state employee to whom you refer in your letter is a person entitled to claim, under the Constitution and statutes of the State of Texas, the homestead exemption, and further that such person is acting in good faith. The determination of the issues of existence of intention to claim, and the actual existence of a homestead, are fact questions and ordinarily fall within the function of a jury. See 22 Tex. Juris. on Homesteads, paragraph 32; Steves v. Smith, 107 S. W. 141; Foley v. Holtkamp, 66 S. W. 891; Whitham & Co. vs. Kemp, 66 S. W. (2d) 462.

Investigation of the numerous decisions in Texas relative to the establishment of the homestead reveals that while intention alone is insufficient to confer the homestead right, at the same time all other elements combined cannot confer it unless the intention to establish a home is present. See 22 Tex. Juris. on Homesteads, paragraph 32. This intention to appropriate the property and to dedicate it as a homestead must be evidenced by unmistakable acts disclosing the intention to carry out such design, or a reason must be given sufficient to disclose why the intention was not or could not be demonstrated by such acts. See 22 Tex. Juris. on Homesteads, paragraph 35; Foley v. Holtkamp, 66 S. W. 891. Proof of actual occupancy is not always essential. See 22 Tex. Juris. on Homesteads, paragraph 36, and authorities therein cited.

In the case of Cameron v. Gebhard, 85 Tex. 610, 22 S.W. 1033, the Supreme Court of Texas made the following statement:

"From these decisions it is apparent that intention is almost the only thing that may not be dispensed with in some state of case, and it follows that this intention in good faith to occupy is the prime factor in securing the benefits of the exemption. Preparation - that is, such acts as manifest this intention - is but the corroborating witness to the declaration of intention, the safeguard against fraud, and an assurance of the bona fides of the declared intention of the party. If a homestead cannot be acquired until it is occupied, then no one can acquire a homestead exempted from forced sale unless he buys an improved place; and then he must

have a race with the sheriff for possession."

This general rule as announced by the Supreme Court of Texas has been uniformly followed by every court in the State. See Wilkerson v. Jones, 40 S. W. 1046; Evans v. Fortner, 198 S. W. 626; Whitham & Co. v. Kemp, 66 S. W. (2d) 462; Atkinson v. Jackson Bros., 259 S. W. 280; 22 Tex. Juris. on Homesteads, paragraphs 31-36, inclusive.

The following quotation is taken from the case of Brown v. Logan, 7 S. W. (2d) 189:

"It has been held since the earliest decisions in this State that 'intention in good faith to occupy is the prime factor' in impressing property with the homestead character.  (Citing Cameron v. Gebhard, supra) It is also well settled that actual occupancy of property is not essential, but that present intention to occupy in the future, coupled with acts of preparation looking to its actual occupancy, is sufficient to impress the property with the homestead character."

In the case of Wade v. First National Bank of Quinlan, 263 S. W. 654, the court made the following statement:

"The written designation of the homestead, when filed and recorded as required by the statute, becomes at least prima facie evidence of what constitutes the family homestead; and, unless this is impeached because of some evasion of the law protecting the homestead, it becomes conclusive of that fact."

Because it presents a fact issue which we cannot undertake to pass upon, it is impossible to give a complete answer to your question.  If the person to whom you refer had at the time of purchase a bona fide intention to occupy the premises as a homestead and this intention is still present, if she occupies or claims no other property as homestead, and if she is a person entitled to claim a homestead, she is entitled to and can claim the homestead exemption under the circumstances set forth in your letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS


BY s/ Ross Carlton
Ross Carlton
Assistant

RC:N:wc

APPROVED NOV 6, 1939
s/W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman