F. W. ANGEL ET AL. V. MINNIE MILLER ET AL.

Decided March 18, 1897.

1. Case Approved.

The rulings of the Court of Civil Appeals in the above case (30 S. W. Rep., 1092) approved.

2. Interest—Rate on Overdue Installments of Interest.

A promissory note, executed in 1885, bore interest at twelve per cent per annum, payable semi-annually. Held, that the overdue installments of interest thereon bore interest at the legal rate from the date when due and not at twelve per cent.

APPLICATION for writ of error to Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

*Cobb & Avery*, for plaintiffs in error.

*Thomas & Turney*, for defendants in error.

No briefs have reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—We concur in the rulings of the Court of Civil Appeals upon the questions presented in this case, and therefore the application for the writ of error must be refused.

But counsel for the applicant have requested in their application that in case we reject it, we express in writing our opinion upon the question of the rate of interest upon the past due instalments. The notes were made in 1885 and bore interest at the rate of 12 per cent per annum, payable semi-annually. The court allowed the rate fixed by law and not the conventional rate on the instalments of interest past due. We find the authorities upon the point very meagre, but agree with the Court of Civil Appeals in holding that the principle is decided in Pana v. Bowler, 107 U. S., 529. It seems to us, that the liability of the maker of the notes was not different in this case from what it would have been, if he had executed a note for the principal to bear 12 per cent interest after maturity and separate notes for the instalments of interest as they were to fall due, without stipulating to pay interest from the maturity of the latter beyond the legal rate. When a rate of interest is agreed upon in a written contract payable in instalments and the parties desire that each instalment when it falls due shall bear the same rate of interest, they may give effect to their intention by so expressing it; and if it be not so expressed, we know of no rule of law which requires that such a construction should be placed upon the contract. On the contrary, we think that the rule, that the expression of one thing is the exclusion of another, should apply. Certainly the parties may agree that the principal of a debt may bear a rate of interest greater than that allowed by law in the absence of a stipulation, and that the accrued interest shall bear a less rate, and it is not unreasonable to presume they may desire so to contract. The literal terms of the notes in question import, that the accrued interest was to bear interest at the legal rate only, and we think that such should be their effect.

The application is refused.

*Writ of error   refused.*