E. B. CARVER ET AL. v. J. S. MAYFIELD LUMBER COMPANY.

Decided May 7, 1902.

1.—Attorney Fees in Note—Interest.

Where the note sued on stipulated for interest and 10 per cent attorney fees, judgment was properly rendered for 10 per cent of both principal and interest as attorney fees.

2.—Same—Interest.

Where attorney fees are included in a judgment they bear interest at the same rate as the principal sum

3.—Same—Contract.

In an action on a note stipulating for 10 per cent attorney fees it is not necessary to offer evidence that the amount contracted for was reasonable.

4.—New Trial—Diligence Lacking.

Where defendants failed to plead a judgment in offset, they were not entitled to have a new trial allowed them for the purpose of pleading it.

Error from Dallas.  Tried below before Hon. T. F. Nash.

*Matlock, Miller & Dycus,* for plaintiffs in error.

*D. H. Morrow,* for defendant in error.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by defendant in error against E. B. Carver, F. J. Cook, and G. L. Ellis, plaintiffs in error, upon the promissory note described in our conclusions of fact.

The plaintiffs in error, defendants below, answered only by a general denial.  The judgment was rendered in favor of defendant in error against all the plaintiffs in error for $1430, with interest at 10 per cent per annum from date of judgment.  After it was entered defendant in error entered a remittitur of $45, leaving the amount of the judgment $1385, from which the appeal is prosecuted.

*Conclusions of Fact.*—Plaintiffs in error, defendants below, on the 19th of May, 1900, executed and delivered to defendant in error, plaintiff below, their promissory note for the sum of $1150, due four months after date, payable at the office of the National Exchange Bank of Dallas, Texas, with interest at the rate of 10 per cent per annum from date, with 10 per cent attorney's fees if collected by law or placed with an attorney for collection.  The note has never been paid, and, after payment had been refused, was placed in the hands of an attorney for collection.

*Conclusions of Law.*—1.  As the note stipulated for interest at 10 per cent per annum from date and 10 per cent attorney's fees if collected by law, it was not error for the court to render judgment for the principal and interest due, and 10 per cent of both such principal and interest, as attorney's fees.  Hopkins v. Halliburton, 25 S. W. Rep., 1005;

Morrill v. Hoyt, 83 Texas, 59; Krouse v. Pope, 78 Texas, 485; Behring v. Dignowity, 23 S. W. Rep., 288.

2. When attorney's fees are included in the judgment, they bear interest at the same rate as the principal sum. Llano Imp. Co. v. Eubanks, 5 Texas Civ. App., 108, 23 S. W. Rep., 613; Washington v. Bank, 64 Texas, 6; Lyons v. Bank, 24 S. W. Rep., 304.

3. The parties having stipulated in the contract for 10 per cent as attorney's fees, it was not necessary to offer evidence that the amount .contracted for was reasonable.

4. Plaintiffs in error not having plead in offset the judgment referred to in their motion for a new trial, were not entitled to have the judgment in this case set aside and a new trial granted for the purpose of allowing them to plead it.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.