## D. O. McRIMMON & COMPANY v. O. M. HART ET AL.

### Decided May 20, 1905.

**Jurisdiction—County Court—Amount—Attorney Fees—Interest.**

Where a note provided for ten percent attorney fees on "the amount due," in case of suit, such fees were to be computed on the sum of the principal and interest, and where the principal, plus the attorney fees as so computed at the date of the suit, exceeded $200, the County Court had jurisdiction, the amount in controversy being thus made as much as $200, "exclusive of interest," although, had the attorney fees not been computed on the interest, the amount would have been below the jurisdictional limit. Rev. Stats., art. 1154.

Appeal from the County Court of Kent. Tried below before Hon. J. B. Jay.

*Joseph L. Lockett,* for appellants, cited Townes, Texas Plead., p. 122; Moore v. Fay, 4 App. Con. Cas., sec. 199; Waters v. Walker, 4 App. Con. Cas., sec. 268; Rainey v. Laudaudale, 30 S. W. Rep., 1084; Carver v. Mayfield Lumber Co., 68 S. W. Rep., 711; Hopkins v. Halliburton, 25 S. W. Rep., 1008; Morrill v. Hoyt, 83 Texas, 59, 18 S. W. Rep., 425; Krause v. Pope, 78 Texas, 485, 14 S. W. Rep., 619; Behrens v. Dignowity, 23 S. W. Rep., 288; Rainey v. Laudaudale, 30 S. W. Rep., 1084.

CONNER, CHIEF JUSTICE.—On the 12th day of May, 1904, the appellant company instituted this suit against O. M. Hart and other makers of a promissory note for the sum of $180, dated December 27, 1902, due April 1, 1903, bearing interest from its date at the rate of 10 per-

cent per annum, and providing that "in case this note is placed in the hands of an attorney for collection, or suit is brought on the same, we agree to pay 10 percent of the amount due as attorney fees." It was alleged in appellant's petition that no part of this note had been paid; that plaintiffs had been compelled to employ an attorney and bring suit, whereby "defendants have become liable and bound to pay to plaintiffs the further sum of 10 percent of the amount of principal and interest due on said note, which they have likewise failed and refused to pay, and by the defaults of defendants as alleged above plaintiffs have been damaged in the total sum of $300." The prayer was for their debt, principal and interest, and attorney's fee, for damages and for all relief to which they may be entitled.

Appellees having been duly cited, answered and excepted to the petition on the ground that it appeared therefrom that the County Court was without jurisdiction, in that the amount in controversy, as shown by the petition, was less than $200, exclusive of interest. The court sustained the exception and dismissed the suit; hence this appeal.

It seems apparent from the foregoing statement that the court committed error, as assigned, in the ruling mentioned. The mere addition of the attorney fees provided for in the note to the amount due at the time the suit was instituted brings the amount in controversy within the County Court's jurisdiction. See Rev. Stats., art. 1154.

By the terms of the note the attorney fees were to be cumputed upon the total sum due at the date of the institution of the suit, which included interest as well as principal, and which, when done, and when added to the principal sum, aggregates an amount in excess of $200, and hence, as stated, a sum within the court's jurisdiction. The provision for attorney fees was as much a part of the note as the promise to pay the principal sum. See Rainey v. Laudaudale, 30 S. W. Rep., 1084; Carver v. Mayfield Lumber Co., 68 S. W. Rep., 711; Hopkins v. Halliburton, 6 Texas Civ. App., 451, 25 S. W. Rep., 1005; Morrill v. Hoyt, 85 Texas, 59; Krause v. Polk, 78 Texas, 485.

Because of error in dismissing the suit for want of jurisdiction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*