## STANTON v. SECURITY BANK & TRUST CO. et al.　(No. 327–3681.)

(Commission of Appeals of Texas, Section B. Nov. 8, 1922.)

1. Interest ⬅38(2)—Judgment for attorney's fees for collecting note held to bear interest at 6 per cent.

Where that portion of a note which provided that payee could indemnify itself by sale of the securities for the principal sum, together with costs of collection, including attorneys' fees, did not contain a promise express or implied to pay interest on the attorney's fees, Vernon's Sayles' Ann. Civ. St. 1914, art. 4981, controls, and the rate of interest in judgment for attorney's fees must be 6 per cent.

2. Dismissal and nonsuit ⬅65—Cross-action between defendants not dismissed by court on own motion.

In an action by a bank on a partnership note, where a cross-action was brought by one of the partners against the other, seeking an accounting as to partnership matters not related to the note in suit, in the absence of objection by any of the parties, the trial court should not, of its own motion, have struck out the cross-action.

3. Appeal and error ⬅1173(1) — Erroneous dismissal of cross-action between defendants did not require reversal of plaintiff's judgment.

Where suit was brought by a bank on a partnership note, and a cross-action by one of the partners against the other, seeking an accounting, was dismissed, and the rights of the bank did not depend on the partnership controversy, on reversal of the judgment dismissing the cross-action, it was not necessary to reverse plaintiff's judgment.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Security Bank & Trust Company against M. W. Stanton and another. Judgment of the Court of Civil Appeals (232 S. W. 854) affirmed judgment for plaintiff, and reversed and remanded a judgment for the named defendant against his codefendant, and defendant named brings error. Reformed and affirmed.

Jones, Jones, Hardie & Grambling, and M. W. Stanton, all of El Paso, for plaintiff in error.

J. F. Weeks, A. J. Harper, and Winter, Goldstein, Miller, McBroom & Scott, all of El Paso, for defendants in error.

POWELL, J. This is an action in debt instituted in the district court of El Paso county, Tex., by the Security Bank & Trust Company against M. W. Stanton and John F. Weeks, to recover upon a promissory note in its favor executed by the said Stanton and the law firm of Stanton & Weeks, and for foreclosure of lien upon certain shares of stock which had been pledged to secure the payment of the note. The petition was typical of its kind in such a suit. The defendant Stanton did not deny his liability to the bank, but filed a cross-action over against his former partner, Weeks, for an accounting of old partnership matters, alleging that such an acounting would have material bearing upon his rights for judgment over against Weeks. Weeks denied any liability upon the note, alleging that Stanton had signed the old firm name to the note without authority and after the dissolution of the firm.

The trial court, without any objection from either Weeks or the bank, declared the controversy between Weeks and Stanton to be a misjoinder in the bank's case, and threw out the cross-action of Stanton, and advised him to file a separate suit for accounting direct. The case was then tried before a jury, upon one special issue, and in answer to that the jury found that Stanton was authorized to sign the firm name of Stanton & Weeks to the note in suit.

Upon the undisputed evidence and said finding of the jury, the court on September 13, 1920, entered judgment in favor of the bank against said defendants, jointly and severally, for a total of $1,098.16, with interest from date of judgment at the rate of 10 per cent. per annum. In its judgment, the trial court found that, at the date of judgment, there was due on the note as principal and interest, the sum of $951.96, and the sum of $146.20 as attorney's fees. The two amounts aggregated the principal of the judgment, the total of which the court decreed should bear interest from its date at the rate of 10 per cent. per annum. When the note was placed in the hands of attorneys after default, more than $1,400 was due thereon. The court allowed 10 per cent. of such total as attorney's fees. Before judgment, the note was reduced by a payment of something more than $500. From the judgment entered by the trial court, Stanton alone appealed.

Upon the appeal, the Court of Civil Appeals affirmed the judgment in favor of the bank against both defendants, but reversed and remanded the case for disposition of the cross-action by Stanton against Weeks. See 232 S. W. 854. Stanton, upon proper application therefor, was granted a writ of error by the Supreme Court.

[1] Plaintiff in error contends that the trial court and Court of Civil Appeals erred in awarding the bank interest at the rate of 10 per cent. per annum on the attorney's fees incorporated in the judgment. He contends that this portion of the judgment should bear interest at 6 per cent. per annum only. Stanton in this court makes no other objection to the excessiveness of the judgment.

The Court of Civil Appeals bases its hold-

ing, in awarding 10 per cent. interest upon the entire judgment including attorney's fees, upon article 4981 of Vernon's Sayles' Revised Civil Statutes of Texas of 1914, reading as follows:

"All judgments of the several courts of this state shall bear interest at the rate of 6 per cent. per annum from and after the date of the judgment, except where the contract upon which the judgment is founded bears a specified interest greater than 6 per cent. per annum and not exceeding 10 per cent. per annum, in which case the judgment shall bear the same rate of interest specified in such contract and after the date of such judgment."

The only portion of the note in suit which carries any promise by the makers to pay interest of any kind reads as follows:

"For value received, on August 30, 1919, I, or we, promise to pay to the order of Security Bank & Trust Company, at its office in El Paso, Texas, fourteen hundred and no/100 dollars, with interest at the rate of 10 per cent. per annum, from maturity until paid; interest payable annually, and defaulting interest to draw the same rate of interest as principal."

That portion of the note is followed by a pledge of collateral and a clause authorizing the bank to sell, practically in any manner to suit itself, said collateral. The note then states that—

"The holder hereof is authorized to purchase said securities or property when sold, proceeds of such sale to be applied toward the payment of this note and toward such other liabilities of the undersigned to the Security Bank & Trust Company, whether as maker, indorser or guarantor, due or to become due, together with all protests, damages, costs and interests and charges due upon this note [or] in any other such liabilities aforesaid, or in the execution of this power, together with costs of collection, *including attorney's fees,* and the balance, if any, to the undersigned."

The note contains no other reference to attorney's fees. It will be observed that this cause of action, as pleaded, was twofold. Recovery is sought upon the note proper for a liquidated amount. On the other hand, recovery is also sought upon this expense of collection clause, but for an unliquidated amount. The latter clause does not call for a certain percentage of the principal and interest due upon default. It merely authorizes the payment of an "attorney's fee" upon certain contingencies. The bank pleaded that it was entitled to a *reasonable* fee; that 10 per cent. of the principal and interest due upon default in payment was a reasonable fee; that it had agreed to pay such a fee to its attorneys for bringing this suit. As no controverting testimony was offered, the court found said amount to be reasonable and awarded judgment accordingly.

What rate of interest should said sum of $146.20 bear? The statute quoted says it bears the legal rate of 6 per cent. per annum

unless the contract upon which it is based provides a higher rate. The statute is entirely clear. It is equally clear that the provision for attorney's fees does not bear a specified interest greater than 6 per cent. per annum. In fact, it bears no promise to pay *any interest,* and the only authority for adding it is by virtue of the statute quoted.

The note in suit is not one of that kind where the attorney's fees provided for were incident to the main debt and so connected with the principal of the note that an agreement to make the fee a part of the principal to draw like interest with it can be implied. There are notes which provide that, in case of default, 10 per cent. of the principal and interest then due shall be added to the note as collection fees and draw like interest with the principal. The note in suit is not of that kind. There is no connection between the principal of this note and the amount of the attorney's fees. Since the note, by its very terms, contains no promise, express or implied, to pay any interest on the attorney's fees, the statute controls, and the rate must be 6 per cent.

It will not do to say that all the obligations of the maker of a note bear 10 per cent. interest, just because certain of the obligations do. Each obligation, principal, interest, and attorney's fees must stand upon its own provisions, and there is no connection between such obligations unless the note itself so provides. This has been authoritatively settled. See Angel v. Miller, 16 Tex. Civ. App. 679, 39 S. W. 1092; Angel v. Miller, 90 Tex. 505, 39 S. W. 916; Town of Pana v. Bowler, 107 U. S. 529, 2 Sup. Ct. 704, 27 L. Ed. 424. We quote as follows from the opinion of the Court of Civil Appeals in case of Angel v. Miller, supra:

"It is contended that the court erred in not rendering judgment for interest at the rate of 12 per cent. per annum on the interest accrued semiannually from the date of said accrual, instead of rendering judgment for interest on same at the rate prescribed by law. There was no error in this action of the court. The contract provided for the payment of the principal, with interest at the rate of 12 per cent. per annum, interest payable semiannually. This contract only provides for the payment of interest at 12 per cent. on the principal of the note. There was no contract as to what interest should be paid on the interest that is payable semiannually after it accrues, and therefore the interest such sums would bear will be the legal rate. We have been unable to find the exact question passed upon, but the case nearest in point we have been able to find is the case of Town of Pana v. Bowler, 107 U. S. 529, 2 Sup. Ct. 704, which we think sustains us on principle. The judgment of the court below is affirmed."

This quotation of the Court of Civil Appeals was expressly approved by our Supreme Court, in an opinion by Judge Gaines, as follows:

"We concur in the rulings of the Court of Civil Appeals upon the questions presented in this case, and therefore the application for the writ of error must be refused. But counsel for the applicant have requested in their application that in case we reject it, we express in writing our opinion upon the question of the rate of interest upon the past due installments. The notes were made in 1885 and bore interest at the rate of 12 per cent. per annum, payable semiannually. The court allowed the rate fixed by law, and not the conventional rate, on the installments of interest past due. We find the authorities upon the point very meager, but agree with the Court of Civil Appeals in holding that the principle is decided in Pana v. Bowler, 107 U. S. 529. It seems to us that the liability of the maker of the notes was not different in this case from what it would have been, if he had executed a note for the principal to bear 12 per cent. interest after maturity and separate notes for the installments of interest as they were to fall due, without stipulating to pay interest from the maturity of the latter beyond the legal rate. When a rate of interest is agreed upon in a written contract payable in installments, and the parties desire that each installment when it falls due shall bear the same rate of interest, they may give effect to their intention by so expressing it; and if it be not so expressed, we know of no rule of law which requires that such a construction should be placed upon the contract. On the contrary, we think that the rule that the expression of one thing is the exclusion of another should apply. Certainly the parties may agree that the principal of a debt may bear a rate of interest greater than that allowed by law in the absence of a stipulation, and that the accrued interest shall bear a less rate, and it is not unreasonable to presume they may desire so to contract. The literal terms of the notes in question import that the accrued interest was to bear interest at the legal rate only, and we think that such should be their effect."

It follows, from what has been said, that we think that portion of the judgment covering attorney's fees should bear 6 per cent. interest only, and that the lower courts should have reformed the judgment in that respect as prayed for by plaintiff in error.

[2, 3] In other respects, we think the Court of Civil Appeals correct in its decision. That court held that, in the absence of any objection by any of the parties, the trial court should not, of its own motion, have struck out the cross-action by Stanton against Weeks. In view of that holding, the Court of Civil Appeals reversed the case and remanded it to the trial court for disposition of such cross-action. This was correct, in our opinion. This case is clearly one within the rule laid down by our Supreme Court in case of Railway Co. v. Enos, 92 Tex. 577, 50 S. W. 928, as follows:

"In Hamilton v. Prescott, 73 Tex. 565, this court, speaking through its present Chief Justice, said: 'We think the conclusion to be deduced from these apparently conflicting cases is, that this court, when it finds error in the proceedings of the lower court as to any party to the judgment and not as to another, and that a proper decision of the case to one is not dependent upon the judgment as to the other, will reverse in part and affirm in part. But where the rights of one party are dependent in any manner upon those of another, it will treat the judgment, as an entirety, and where a reversal is required as to one, it will reverse the judgment as a whole. * * * That a judgment against two or more parties which is appealed from by one may be reversed as to the one and affirmed as to the others, or may be reversed as a whole, according to the manifest justice of the case, we think the cases cited sufficiently show.' Under the rule thus stated, we think it is within the discretion of the Court of Civil Appeals in a proper case to affirm in part and reverse in part. Miller v. Sullivan, 89 Tex. 480; Boone v. Hulsey, 71 Tex. 176; Giddings v. Baker, 80 Tex. 308; Schuster v. Bauman Jewelry Co., 79 Tex. 179."

The attorneys, Stanton & Weeks, had become indebted to the Commercial National Bank of El Paso upon their joint note. The Security Bank & Trust Company absorbed the assets of aforesaid bank and had this firm renew its old obligation. The note in suit was a joint and several one, and under its very terms the rights of the bank, either as to amount of judgment or foreclosure did not depend, in any sense, upon the partnership controversy between Weeks and Stanton. The rights of the bank were settled by a written contract and there was no effort in the case to set it aside for any reason of any kind. The two defendants can adjust their differences among themselves in another trial. The judgment entered in the case at bar protects Stanton as against Weeks, as follows:

"And it is also by the court further ordered and adjudged that in the event either of the defendants, M. W. Stanton or John F. Weeks, shall pay upon the said sum recovered, as aforesaid, more than one-half thereof, then, in that event, the said defendant so making such excess payment shall have execution against his codefendant for such sum or sums paid in excess of one-half of the amount recovered as aforesaid."

So far as the bank was concerned, each of these parties was equally liable on this note. The judgment so provides, and authorizes contribution between the makers of the note. There is no necessity for keeping the bank in this suit and harassing it with the further litigation between these partners.

We recommend that the judgment of the Court of Civil Appeals be reformed so as to award judgment in favor of the Security Bank & Trust Company against M. W. Stanton and John F. Weeks, jointly and severally, for $951.96, with interest thereon from September 13, 1920, at 10 per cent. per annum, and for the sum of $146.20, with interest from same date at the rate of 6 per cent. per annum, and that the judgment of the

Court of Civil Appeals, as so reformed, be in all things affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reformed and affirmed, as recommended by the Commission of Appeals.