## CHENAULT et al. v. HONAKER.
### (No. 2291.)

(Court of Civil Appeals of Texas. Amarillo.
April 2, 1924. Rehearing Denied
April 30, 1924.)

**1. Partnership ⬅⮞218(3)—Partners' ratification of execution of note by copartner held fact question for trial court.**

Whether execution of partnership note by managing partner for accommodation of employee was ratified by remaining partners by acquiescence *held* question of fact for trial court sitting without jury.

**2. Partnership ⬅⮞217(3)—Finding that partners ratified execution of note by copartner held sustained by evidence.**

Trial court's finding that execution of partnership note by managing partner for accommodation of employee was ratified by remaining partners by acquiescence *held* sustained by evidence.

**3. Partnership ⬅⮞157(4)—Ignorance of law does not qualify effect of partners' ratification of execution of note by copartner.**

In absence of fraud, concealment, misrepresentation, undue influence, violation of confidence, or other inequitable conduct, ignorance of law does not generally qualify effect of act done with knowledge of all material facts, and hence does not relieve partners ratifying, by acquiescing in, execution of note by copartner from liability thereon; presumption being that every one not non compos mentis knows law.

**4. Partnership ⬅⮞217(3)—Finding that partners were estopped to deny liability on note executed by copartner held warranted by evidence.**

Court's finding that partners, by silence and failure to repudiate copartner's execution of note for accommodation of another, misled payee into failing to take steps to make in-

debtedness out of comaker, until it became impossible to do so, and hence were estopped from denying liability, *held* warranted by evidence.

**5. Partnership ⬅⮞216(2)—Pleadings held sufficient to present issues of ratification and estoppel.**

Pleadings, in action on note executed by managing partner for accommodation of employé of firm, *held* sufficient to present issues of ratification by other partners, and their estoppel to deny liability by reason of silence and failure to repudiate copartner's act.

**6. Interest ⬅⮞38(2)—Interest at 10 per cent. on judgment, including attorney's fees, held not error.**

In action on note for stated sum, with interest at 10 per cent., and 10 per cent. attorney's fees, judgment including principal, interest, and attorney's fees, with interest on whole amount from date of judgment at 10 per cent., *held* not erroneous in thus providing that attorney's fees should bear such rate.

**7. Appeal and error ⬅⮞221, 705, 719(9)—Miscalculation not considered in absence of assignment, presentation to trial court, or verification by record.**

Miscalculation of amount due on note sued on cannot be considered on appeal in absence of assignment raising such point, presentation thereof to trial court, or any statement in record verifying it.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by S. E. Honaker against W. L. Chenault and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Kay, Akin & Kenley and Arch Dawson, all of Wichita Falls, for appellants.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellee.

BOYCE, J. This suit was brought by appellant, Honaker, against L. S. Williams and Chenault & Wheat, a partnership composed of N. B. Chenault, W. L. Chenault, J. O. Wheat, and E. O. Wheat, on a promissory note executed by Williams and Chenault & Wheat, the partnership acting by E. O. Wheat in the execution of the note. The defendants W. L. and N. B. Chenault pleaded that the note was not executed for the benefit of the partnership, that its execution was not within the scope of the partnership business, and that it was executed for the individual benefit of E. O. Wheat, or as accommodation to L. S. Williams. The plaintiff pleaded by supplemental petition that the Chenaults learned of the execution of the note soon after it was made and ratified, and confirmed the same; that they made no claim that it was executed without authority, but acquiesced therein, and acted as if they were liable thereon; that plaintiff was misled by the failure of said defendants to re-

pudiate said note, and failed to take steps to force its collection as against the defendant Williams to his damage, if the Chenaults be relieved from liability. A trial without a jury resulted in judgment for the plaintiff against all defendants.

The evidence shows that the note was executed by E. O. Wheat, the managing partner of the business, for the accommodation of Williams, the firm securing only an indirect benefit from the transaction, in that Williams, who was in the service of the defendants, was thereby induced to continue therein. The evidence further shows that the Chenaults were informed about the time of the maturity of the note of its execution as a partnership obligation; that at such time and thereafter the Chenaults had various negotiations with the other partners, with Williams, and with the plaintiff, the purpose of which was to devise means by which Williams would be enabled to pay off the indebtedness. In all these negotiations the note was treated as being a binding obligation on all the members of the partnership, and the Chenaults never gave any intimation of repudiation of their liability thereon until more than a year after they learned of the facts as to the execution of the note. They testified that at the time of these various acts they supposed they were legally bound on the note, and it "never dawned on them" that they might not be liable until about the time of the institution of the suit. The evidence is also sufficient to show that at the time of the Chenaults' first knowledge of the execution of the note and for some time thereafter Williams' financial condition was such that at least a substantial part of the indebtedness could have been made out of him, and that this situation had changed so that at the time of the repudiation very little could be collected from him.

The trial court, after finding the facts substantially as just stated, concluded that the note was not executed in pursuance of the partnership business, but that the Chenaults had, by the acts recited, ratified the act of their partner in executing the note. And, further, that by their silence and failure to repudiate said act the Chenaults misled the plaintiff and caused him to fail to take steps to make the indebtedness out of Williams; and that, if such repudiation had been made soon after the Chenaults learned of the execution of the note, the plaintiff could have made a substantial part of the debt out of Williams, which could not be done after the repudiation. As a matter of law he concluded that the appellants were liable on the ground of both ratification and estoppel.

[1-3] The question of ratification, by acquiescence was one of fact, and we think the conclusion of the trial court is sustained by the evidence. Iron National Bank v. Fifth National Bank (Tex. Civ. App.) 47 S. W. 535; Meyer v. Smith, 3 Tex. Civ. App.

37, 21 S. W. 997 (5); West Side Oil Co. v. McDorman (Tex. Civ. App.) 244 S. W. 180; Mechem on Agency (2d Ed.) §§ 451-476; 2 C. J. p. 504, §§ 124-126, 128. The appellants contend that there could be no ratification because they were ignorant of their legal rights in the premises. In this connection they rely on this statement found in Pomeroy's Eq. Jur. § 965:

"As acquiescence is thus a recognition of and consent to the contract or other transaction as existing, the requisites to its being effective as a bar, are knowledge or notice of the transaction itself, knowledge of the parties' own rights, absence of all undue influence, or restraint, and consequent freedom of action. The conscious intention to ratify the transaction, however, is not an essential element."

Mr. Mechem in his work on Agency, says that—

"It is not necessary, however, that he (the party sought to be charged by ratification) should also be informed of the legal effect of the facts. If he knows the facts it is enough."

To the same effect see 2 C. J. p. 480, § 95.

As a general rule ignorance of the law does not qualify the effect of a man's act.

"The legal presumption is, that every man who is not noncompos mentis, knows the law when he knows the facts." Moreland v. Atchison, 19 Tex. 309; Pomeroy's Eq. Juris. §§ 842, 843.

Mr. Pomeroy himself, in another portion of his work on Equity Jurisprudence, in section 842 says:

"Where a party, with knowledge of all the material facts, and without any other special circumstances giving rise to an equity in his behalf enters into a transaction affecting his interests, rights and liabilities, under an ignorance or error with respect to the rules of law controlling the case, courts will not, in general, relieve him, from the consequences of his mistake."

These general rules, as Mr. Pomeroy points out, have their limitations and exceptions, if there are "elements of fraud, concealment, misrepresentation, undue influence, violation of confidence reposed, or other inequitable conduct in the transaction." Pomeroy, § 843. The quotation relied on by appellants occurs in the discussion of the right of a person defrauded to set aside a transaction on such ground, so that the statement is not necessarily authority in a case of the kind we are considering.

[4] We also hold that the facts warranted the finding against the appellants on the ground of estoppel. Fifth National Bank v. Iron National Bank, 92 Tex. 436, 49 S. W. 368; Mechem on Agency, §§ 349, 454.

[5] The pleading, we think, was amply sufficient to present the issues of ratification and estoppel.

[6,7] By the terms of the note the makers

agreed to pay to Honaker the sum of $2,500, "with interest at the rate of 10 per cent. per annum from date until paid, and 10 per cent. attorney's fees, if sued upon or placed in the hands of an attorney for collection." The judgment was for the sum of $2,618.05, which included the principal, interest, and attorney's fees, and the whole judgment was made to bear interest from its date at the rate of 10 per cent. There was no error in thus providing that the amount included in the judgment, as attorney's fees should bear this rate of interest. Washington v. First National Bank of Denton, 64 Tex. 5; Carver v. Mayfield Lumber Co., 29 Tex. Civ. App. 434, 68 S. W. 711 (writ of error denied), and authorities there cited. The case of Stanton v. Security Bank & Trust Co. (Tex. Com. App.) 244 S. W. 593 is distinguishable.

The further suggestion in the argument under the proposition presenting the above question that there was a miscalculation in the amount due on the note cannot be considered. There is no assignment raising such point, it was not presented to the trial court, and is not supported here by any statement from the record to verify it.

We find no reversible error presented, and the judgment will be affirmed.