## MANES v. J. I. CASE THRESHING MACH. CO.   (No. 303.)

Court of Civil Appeals of Texas. Eastland.
May 6, 1927.

Rehearing Denied June 3, 1927.

**1. Limitation of actions ⬅⬆111—Plea of suspension of statute was available against defense of limitation, where collection of note sued on was delayed by maker's injunction suit.**

In action on note, collection of which had been barred over considerable period by maker's obtaining injunction, plea of suspension of running of statute was available as against defense of limitation.

**2. Limitation of actions ⬅⬆191—Plea of estoppel was available as against defense of limitation in action on note, enforcement of which had been delayed by maker's injunction suit.**

In action on note, enforcement of which had been delayed by maker's injunction suit, plea of estoppel *held* properly interposed as against defense of limitation.

**3. Limitation of actions ⬅⬆111—Maker of note, wrongfully procuring injunction against enforcement, cannot defeat payment on ground that limitation ran during time injunction was in force.**

Maker of note who wrongfully procures issuance of injunction, restraining payee from bringing suit thereon, cannot, after dissolution of injunction, defeat payment by asserting that limitation had run during time injunction was in force.

**4. Limitation of actions ⬅⬆111—Injunction obtained by maker against bringing suit on note in county designated by note as forum prevented running of statute.**

Injunction obtained by maker, which prevented suit on note in county fixed as forum by contract itself, *held* to prevent running of limitation thereon during time injunction was in force, even if suit could have been maintained meanwhile in some other county.

**5. Appeal and error ⬅⬆1180(1)—Reversal of judgment dissolving injunction reinstated injunction as it originally existed.**

Reversal by Court of Civil Appeals of judgment dissolving injunction returned matter to its original state, and reinstated injunction as it existed prior thereto.

**6. Action ⬅⬆63—Where less than statutory period expired after note's maturity exclusive of time during which injunction prevented enforcement, suit thereon was not barred by laches (Rev. St. 1925, art. 5527).**

Recovery on note was not barred by laches, where less than 4-year period allowed by Rev. St. 1925, art. 5527, had expired during which suit could have been maintained, injunction against enforcement having been in effect over remaining period.

**7. Bills and notes ⬅⬆126—Provision in note for 10 per cent. attorney's fee constitutes part of contract.**

Provision in note for 10 per cent. attorney's fee, if sued on or placed in hands of attorney for collection, is incident to main debt, and constitutes part of contract.

**8. Interest ⬅⬆38(2)—Judgment on note allowing 10 per cent. interest and 10 per cent. attorney's fee bore interest at 10 per cent. as to total amount recovered (Rev. St. 1925, art. 5072).**

Judgment for amount of note, with 10 per cent. interest and 10 per cent. attorney's fee provided for by note, bore 10 per cent. interest as to total amount of judgment, including items representing interest and attorney's fee, under Rev. St. 1925, art. 5072.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Suit by the J. I. Case Threshing Machine Company against O. B. Manes. Judgment for plaintiff, and defendant appeals. Affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant.

Spence, Smithdeal, Shook & Spence, of Dallas, for appellee.

HICKMAN, J. On February 15, 1915, appellant purchased an automobile from appellee, and in part payment therefor executed three notes. The note upon which this suit is based was the last of the series, being for the principal sum of $335, due on or before March 1, 1916, payable at the First National Bank of Coleman, Tex., and bearing interest at the rate of 8 per cent. per annum from date to maturity and 10 per cent. interest after maturity. It contained the provision that, if not paid when due, then to become payable at Dallas, Tex., with 10 per cent. attorneys' fees, if sued upon or placed in the hands of an attorney for collection. A few days before the note was due appellant filed suit in the district court of Coleman county to cancel this note and to enjoin appellee from negotiating the note or suing thereon in Dallas county, Tex. The temporary injunction was granted as prayed for. The writ of injunction issued by the clerk enjoined appellees from suing on the note, not limiting the injunction to a suit brought in Dallas county. Upon a trial of appellant's suit in Coleman county judgment was rendered against appellant. This judgment was reversed by the Court of Civil Appeals. See Manes v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 204 S. W. 235.

Upon the next trial of the case in Coleman county judgment was rendered in favor of the appellant against appellee for $30. An appeal was prosecuted by appellant, and the Court of Civil Appeals reversed and rendered the judgment of the trial court. See

Manes v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 241 S. W. 757.

The appellee sued out a writ of error to the Supreme Court. The writ was granted, the judgment of the Court of Civil Appeals reversed, and the judgment of the district court affirmed; the date of the judgment of the Supreme Court being October 10, 1923. See J. I. Case Threshing Mach. Co. v. Manes (Tex. Com. App.) 254 S. W. 929.

On the 4th day of the following April appellee instituted suit upon the note in the county court at law of Dallas county. In its original petition appellee alleged that it was unable sooner to bring suit upon the note, because the appellant before the maturity of the note wrongfully obtained an injunction against it, and that, though the note appeared on its face to be barred by the statute of limitation, yet, by reason of the wrongful injunction, same was not barred. To this suit appellant pleaded the 4-year statute of limitation (Rev. St. 1925, art. 5527). By a supplemental petition the appellee alleged that appellant had instituted an unconscientious suit, and wrongfully enjoined it from filing suit upon the note; that said injunction remained in force and effect until November, 1923, and by reason of such injunction the appellant had obtained an unconscionable advantage over appellee, and was estopped to set up the statute of limitation. The case was tried before the court without a jury. Judgment was rendered against appellant for principal and interest on the note and 10 per cent. thereof as attorneys' fees; the judgment itself drawing 10 per cent. interest from date, from which judgment appellant has prosecuted this appeal.

[1, 2] It will be seen from the foregoing facts that at the time suit was instituted upon this note it was more than 8 years past due. Obviously, the plea of limitation should have been sustained, unless limitation was suspended during the life of the injunction, or unless appellant was estopped by his wrongful act in obtaining his injunction to set up the plea of limitation. Appellee pleaded both a suspension of the running of the statute and an estoppel to plead the statute. It is immaterial which plea was proper to raise the question in this case, as both were properly interposed. Our courts seem not to indulge in any particular distinctions with reference to the character of pleading required to raise the question, but to follow the general rule quoted with approval in the case of Cavitt v. Amsler (Tex. Civ. App.) 242 S. W. 246, that, "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right."

[3] The rule is well settled that, where the maker of a note wrongfully procures the issuance of an injunction restraining the payee from bringing a suit on the note, it would be unconscionable to permit him, after the dissolution of the injunction, to defeat the payment of the note on the ground that limitation had run against the note during the time the injunction was in force. William v. Pouns, 48 Tex. 141; Davis v. Andrews, 88 Tex. 524, 30 S. W. 432, 32 S. W. 513; Yzaguirre v. Garcia (Tex. Civ. App.) 172 S. W. 139; Cavitt v. Amsler (Tex. Civ. App.) 242 S. W. 246; 10 R. C. L. p. 835, § 139.

[4] Appellant contends that the injunction procured by him did not restrain appellee from suing on the note generally, but only restrained it from suing in Dallas county, and that therefore appellee's plea of estoppel is not good, because appellee could have prevented the running of limitation by a suit in any other county in Texas except Dallas county. Let us examine this contention.

The petition for injunction prayed that appellee be restrained from negotiating the note and from instituting suit thereon in any of the courts of Dallas county. The fiat of the judge granting the temporary writ prohibited the institution of suit in Dallas county. The writ issued by the clerk enjoined appellee from bringing suit on the note without reference to any county. Appellant contends that the appellee should have looked to the petition and the fiat, and that, in so far as the writ itself broadened the scope of the fiat, it was not valid. The case of Yzaguirre v. Garcia (Tex. Civ. App.) 172 S. W. 139, seems to be against appellant's contention. In that case the fiat of the court restrained only the negotiation of the note, but in the copy of the writ served upon the defendant was a recital that the prayer was for injunction to restrain the defendant from disposing of, or bringing suit upon, the note. The defendant did not file suit until after the injunction was dissolved, and it was held that the note was not barred by limitation by a lapse of time during the injunction.

But, even if appellant is correct in his contention that the effect of the injunction was only to prevent the filing of the suit in Dallas county, it would not avail him in this case. Appellant executed a written obligation whereby he contracted to pay appellee a certain sum of money at a definite time, and agreed that, if he did not do so, appellee should have the right to sue him in Dallas county. The forum of the suit was fixed by agreement, and was an integral part of the contract itself. Appellant wrongfully invoked the powers of the court to prevent appellee from enforcing his contract as it was written. After contracting that Dallas county should be the forum in which to bring the suit, he sought by injunction in effect to compel appellee to bring the suit in Coleman county. It would be unjust to permit appellant to enjoin appellee from enforcing the contract as written and then avoid the effect of it by a plea of limitation. The facts

of this case bring it within the rules announced in the authorities above.

Davis v. Andrews, 88 Tex. 524, 30 S. W. 432, 32 S. W. 513, relied upon by appellant, does not, in our opinion, announce a contrary rule. In that case the injunction was not against the owner of the note restraining suit of any character, but was against a trustee in a deed of trust restraining the selling of property under the power there contained. The distinction is clear.

[5, 6] Appellant claims that appellee was guilty of laches in this: The preliminary injunction was dissolved by judgment of the district court of Coleman county on November 23, 1916. This judgment was appealed from by appellant and reversed by the Court of Civil Appeals on June 6, 1918. It does not appear from the statement of facts that a supersedeas bond was filed when appellant appealed from said judgment. The claim is therefore made that limitation ran during the period of about 18½ months between the dissolution of the injunction and the reversal of the judgment dissolving same. We do not think it necessary to the determination of this appeal to decide whether or not, from the facts disclosed in this record, the injunction was in effect pending the appeal. When the judgment dissolving it was reversed generally by the Court of Civil Appeals, the matter was returned to its original state, and the injunction as it existed prior to the judgment dissolving same was again in force. If it be conceded that limitation ran during this entire period, no question of laches is involved. Appellee had the right to institute its suit at any time within 4 years of the maturity of the note, disregarding the time during which the injunction was in force. Tacking the period of 18 months onto the period between the final dissolution of the injunction by the Supreme Court and the filing of the suit, there still remained to appellee about 2 years' time within which to file its suit and escape the bar of 4-year statute of limitation. This contention is overruled.

[7, 8] Appellant contends that the judgment in this case is erroneous, in that it bears 10 per cent. interest from its date. More than half of the amount of the judgment was for interest and attorneys' fees. The note did not provide for interest upon interest nor for interest upon attorneys' fees, and appellant contends that that portion of the judgment which represents the interest and attorneys' fees should bear the legal rate of 6 per cent. interest rather than 10 per cent. which the note provided it should bear after maturity.

The principal authority relied upon by appellant in support of his position is the case of Stanton v. Security Bank & Trust Co. (Tex. Com. App.) 244 S. W. 593. In that case the note itself did not provide for attorneys' fees in a liquidated amount. In the pledge of collateral to secure the note there was a provision for the cost of collection, including attorneys' fees. The opinion distinguishes that case from the ordinary note by stating that the attorneys' fees were not incident to the main debt or so connected with the principal of the note that an agreement to make the fee a part of the principal to draw like interest with it can be implied. In this case the provision regarding attorneys' fees is for a liquidated amount of 10 per cent., and is clearly incident to the main debt, and so connected with it as to make it a part of the contract, and we can see no reason why the statutory provision that the judgment shall bear the same rate of interest specified in the contract should not apply. Article 5072, Revised Civil Statutes; Washington v. First Nat. Bank of Denton, 64 Tex. 4; Carver v. Mayfield Lumber Co., 29 Tex. Civ. App. 434, 68 S. W. 711; Chenault v. Honaker (Tex. Civ. App.) 261 S. W. 825.

We cannot sustain any of appellant's assignments, and the judgment of the trial court is therefore affirmed.