EANES v. HAYNES.

No. 1956.

Court of Civil Appeals of Texas. Eastland.

Dec. 8, 1939.

. Fred O. Jaye, of De Leon, for appellant.
Y. W. Holmes, of Comanche, for appellee.

GRISSOM, Justice.

Bob Haynes instituted this suit in the County Court of Comanche County against J. R. Eanes, on two promissory notes, one for the principal sum of $30, and the other for the principal sum of $150; said notes provide for 10 per cent interest and contain the usual provision for 10 per cent attorney's fees.

■ Plaintiff alleged payments aggregating $30 which plaintiff credited on the $30 note. The trial resulted in a judgment for plaintiff against defendant for $235.71. Defendant has appealed. No briefs have been filed. We have inspected the record for fundamental error. Haynes v. J. M.

Radford Grocery Co., 118 Tex. 277, 14 S. W.2d 811.

The amount of principal, interest and attorney's fees due at the institution of the suit, according to the allegations of plaintiff's petition, amounted to more than ·$200. With the interest excluded, the amount then due, as principal and attorney's fees, was less than $200. Art. 5, sec. 16, of the Constitution of Texas, Vernon's Ann.St., provides that the County Court shall have exclusive jurisdiction in all civil cases "when the matter in controversy shall exceed in · value $200, and not exceed $500, exclusive of interest, and concurrent jurisdiction with the District Court when the matter in controversy shall exceed $500, and not exceed $1,000, exclusive of interest * * *."

■ In a suit on a promissory note, if interest cannot be considered in determining the amount in controversy, and the principal and attorney's fees due on the note, according to the allegations of plaintiff's petition are less than $200, the petition does not state a cause of action within the jurisdiction of the County Court. It has been determined, in considering the foregoing constitutional provision fixing the jurisdiction of the County Court, in a suit upon a promissory note, that interest cannot be taken into consideration in determining the amount in controversy. Le Master v. Lee, Tex.Civ.App., 150 S.W. 315, 316; Oppenheim v. Hood, Tex.Civ.App., 33 S.W.2d 265; J. I. Case Co. v. Laubhan, Tex.Civ. App., 64 S.W.2d 1079; Baker v. Smelser, 88 Tex. 26, 28, 29 S.W. 377, 33 L.R.A. 163.

■■ It has likewise been determined that the question as to whether any suit is within the jurisdiction of the court in which it is filed is to be determined "by the averments in the petition in so far as they state facts in relation to the thing in controversy; and this is true, regardless of the truth of the allegations, unless it is made to appear by pleading and proof that the allegations as to jurisdiction were fraudulently made." Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322, 327. It has further been definitely determined that in a suit upon a promissory note, where, as in this case, foreclosure of a lien is not sought, the amount of principal and attorney's fees fixes the amount in controversy and, therefore, determines the jurisdiction of the court. Rainey v. Laudaudale, Tex.Civ. App., 30 S.W. 1084; Johnson v. Universal Life & Accident Ins. Co., .Tex.Civ.App., 96

S.W.2d 674; Belle Springs Creamery Co. v. Marshall, Tex.Civ.App., 165 S.W. 61; Moore v. Foy, 4 Willson Civ.Cas.Ct.App. § 199, 15 S.W. 199; D. O. McRimmon & Co. v. Hart, 39 Tex.Civ.App. 474, 87 S.W. 881; Altgelt v. Harris, Tex.Sup., 11 S.W. 857.

Since the amount in controversy, to-wit, the principal and attorney's fees due on the note (and exclusive of interest), according to the allegations of the petition, amounted to less than $200, the County Court of Comanche County was without jurisdiction of the case. Art. 5, sec. 16, Constitution of Texas.

We are, therefore, required to reverse the judgment of the trial court and dismiss the case. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.2d 811. It is so ordered.