**Clyde FOSTER and Billy Mitchell, Appellants,**

v.

**H. O. WOOTEN GROCER COMPANY, Appellee.**

**No. 3123.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 19, 1954.

Rehearing Denied Dec. 17, 1954.

Dillard, Cooke & Dillard, Lubbock, for appellants.

McMahon, Springer, Smart & Walter, Abilene, for appellee.

GRISSOM, Chief Justice.

H. O. Wooten Grocer Company sued Kelly L. Fregia, Clyde Foster and Billy Mitchell, residents of Lubbock County, in Taylor County. Plaintiff sued on an open account for goods, wares and merchandise sold to Fregia and for which, it was alleged, he agreed to pay $155.54, which amount, it was alleged, was just and reasonable. Plaintiff alleged that prior to said sale and delivery Fregia executed a written agreement to pay same in Taylor County, with ten per cent interest after maturity, and a reasonable attorney's fee; that all defendants had transferred the stock of goods of said grocery store in violation of the Bulk Sales Law, Vernon's Ann.Civ.St. art. 4001 et seq.; that Fregia and Foster were partners and Mitchell was in possession of the merchandise.

Plaintiff's petition was filed on August 5, 1953 and on August 31, 1953, Foster and

* Appellant could have pled an alternative action under the Guest Statute, charging heedlessness and recklessness on part of the ambulance Company; and absence of facts constituting an emergency within exceptions of art. 791, Penal Code, and art. 85–1, et seq., Dallas Traffic Code, but this he did not choose to do.

Mitchell filed a general denial. On March 20, 1954, plaintiff filed a supplemental petition, alleging the filing of the prior petition which referred to a sworn account attached thereto as Exhibit A and that plaintiff had discovered said account was not attached and a verified account was attached to said supplemental petition, which was filed for that purpose only. Thereafter, on March 23, 1954, Foster and Mitchell filed their pleas of privilege to be sued in Lubbock County. They later filed a plea to the jurisdiction. of the County Court because the amount in controversy, exclusive of interest and attorney's fees, was less than $200, to wit: $155.54, the amount of the account, and they alleged plaintiff had falsely alleged the amount in controversy to be $255.54, knowing same was untrue and excessive by more than $100, for the purpose of giving said County Court jurisdiction.

Foster and Mitchell also excepted to the petitions and the verified account because plaintiff alleged the goods, wares and merchandise were delivered to defendants and said allegation was not sufficiently definite to enable them to prepare their defense, or to put them on notice, of the matters expected to be proved by the plaintiff as constituting "goods, wares and merchandise."

At the close of the testimony, plaintiff filed a motion to instruct a verdict for the plaintiff (1) because the uncontradicted evidence conclusively showed plaintiff's account was just and correct unpaid and that Fregia and Foster were liable therefor as partners and said alleged partnership was not denied under oath and must be taken as admitted, and, further, because the uncontradicted evidence conclusively showed that Fregia and Foster were partners when the merchandise was sold to them; (2) because the uncontradicted evidence conclusively showed that after the merchandise was sold and delivered to Fregia, he transferred his entire stock of merchandise to Foster and Foster transferred it to Mitchell and Mitchell transferred it, in bulk, back to Foster, and that each of said transfers was in violation of the Bulk Sales Law; (3) because the uncontradicted evidence showed that not only did all defendants violate the Bulk Sales Law but that, thereafter, Foster and Mitchell each disposed of the merchandise transferred to them and the value of the stock of goods transferred to Foster and Mitchell and by Mitchell back to Foster, at the time of each transfer, exceeded the total debts of said defendants, thus making each personally liable for plaintiff's account and (4) because the uncontradicted evidence showed plaintiff was entitled, as a matter of law, to the full amount of its account, plus reasonable attorney's fees.

Said motion was sustained and judgment was rendered for H. O. Wooten Grocer Company against Fregia, Foster and Mitchell, jointly and severally, for $139.47 on plaintiff's account, with ten per cent interest, and for $100 attorney's fee. Foster and Mitchell have appealed.

■ Their first point is that the court erred in overruling their pleas of privilege. They argue that because the verified account was not attached to the original petition and was not filed until the supplemental petition was filed on April 19th, that before April 19th plaintiff had no maintainable suit and, therefore, their pleas of privilege, filed on March 23rd, were timely filed. They cite as authority for this contention Texas Rules of Civil Procedure 185 and 87. Appellants' pleas of privilege were not filed until the day of trial; prior thereto appellants had filed general denials. Their pleas of privilege were filed out of the due order of pleading. We think said pleas were waived and the court did not err in "overruling and striking" them from the record. Holt v. Farmer, Tex.Com.App., 56 S.W.2d 633, 638; Reed v. Garlington, Tex.Civ.App., 233 S.W.2d 185, 186; 43 Tex.Jur. 792; Leyendecker v. Harlow, Tex.Civ.App., 189 S.W.2d 706, 709 (RWM).

■ Appellants' second point is that the court erred in overruling their plea to the jurisdiction because the amount in controversy, exclusive of attorney's fees, was not within the jurisdiction of the County Court. They argue that the amount in controversy was $155.54, exclusive of attorney's fees. They cite as authority Article 1949.

We think the attorney's fee was a part of the matter in controversy within the meaning of Article 1949. Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145, 1146. Our Supreme Court held that, under a statute which provided that attorney's fees should be taxed as a part of the costs, in a suit on a life insurance policy, the amount claimed as attorney's fees was part of the amount in controversy. See also D. O. McRimmon & Co. v. Hart, 39 Tex.Civ.App. 474, 87 S.W. 881; Houston Packing Co. v. McDonald, Tex.Civ.App., 175 S.W. 806; St. Louis, B. & M. R. Co. v. Knowles, Tex.Civ.App., 171 S.W. 245; Id., 180 S.W. 1146.

The points not specifically referred to are also overruled. No statement of facts having been filed, we must assume the evidence sustained the presumed findings of the court which were necessary to sustain the judgment. The burden is on the appellants to show error which probably caused rendition of an improper judgment.

The judgment is affirmed.