**Mair SCHEPPS et al., Appellants,**

v.

**FIRST SECURITY NATIONAL BANK OF BEAUMONT, Texas, Appellee.**

**No. 7183.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 17, 1970.

Rehearing Denied Jan. 7, 1971.

Bernard & Bernard, Houston, for appellants.

Strong, Pipkin, Nelson, Parker & Powers, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action brought by plaintiff, First Security National Bank of Beaumont, Texas, against defendants, Mair J. Schepps and Jack Rush, on a letter of guaranty. Trial was before the court and judgment was rendered for plaintiff. Most of defendants' points of error attack the findings of fact and conclusions of law made by the trial court. The parties will be referred to here as they were in the trial court or by name.

The evidence shows: Grady H. Marshall was engaged in the wholesale tobacco and candy business under the name "M & M Supply Company." Early in 1964, Marshall requested plaintiff extend him a line of credit of $40,000.00. This was granted on March 24, 1964, upon the condition his bank credit should not exceed $60,000.00 at all banks. At that time Marshall had a line of credit with the County National Bank in Orange of $20,000.00. Marshall began to make short term loans from plaintiff against his line of credit and reached a high of $44,000.00 on July 31, 1964. On October 20, 1964, Marshall's request that plaintiff take over his entire line of credit in both banks was considered and Marshall was asked to get a $25,000.00 letter of guaranty. The letter of guaranty sued upon here, executed by defendants and dated October 24, 1964, came to plaintiff October 26, 1964. Marshall's financial problems became acute, and November 30, 1964, his creditors had a meeting and Marshall filed a petition in voluntary bankruptcy that afternoon.

Defendants' first series of points of error complain of the trial court's finding of fact Number 4 to the effect that the letter of guaranty covered all indebtedness of Marshall—past and future. It is argued that the letter of guaranty is ambiguous and that parol evidence was admissible to prove the intention of the parties.

The letter of guaranty contains these provisions:

"WHEREAS, Mr. Grady H. Marshall, dba M & M Supply, of the County of Jefferson, Texas, hereinafter called the Borrower, may, from time to time, become indebted to First Security National Bank of Beaumont, hereinafter called the Bank:

"Now for a valuable consideration to the undersigned, hereinafter called the 'Guarantors', moving from the Bank, the Guarantors jointly and severally, for themselves, their heirs, executors and administrators, hereby guarantee to the Bank, its successors and assigns the prompt payment at maturity of any and all indebtedness that is now, or at any time hereafter may be or become, owing to the Bank, its successors or assigns from the Borrower not exceeding in the aggregate principal amount at any one time Twenty-Five Thousand and No/100 Dollars ($25,000.00) * * *"

■■ Even though the preamble to this letter of guaranty, standing alone, might indicate that there was uncertainty as to the obligations to be secured, the body of the instrument makes it crystal clear that the guaranty covers all indebtedness due then or that might become due in the future. In arriving at the meaning of this letter of guaranty, we must consider it from its "four corners." Houston Lighting & Power Co. v. Tenn-Tex Alloy & Chemical Corp., 400 S.W.2d 296 (Tex.Sup., 1966); Southland Royalty Co. v. Pan American Petroleum Corp., 378 S.W.2d 50 (Tex.Sup., 1964). This continuing guaranty which obviously was not intended to secure a single obligation, by its simple terms secured past and future obligations. We do not find this letter of guaranty to be ambiguous. We think it is apparent on its face that the letter of guaranty provides potential liability for any indebtedness owed by Marshall to plaintiff whether such indebtedness was in existence at the time of the execution of the letter of guaranty,

or was created after the letter of guaranty. McGhee v. Wynnewood State Bank, 297 S.W.2d 876 (Tex.Civ.App.—Dallas, 1956, error ref., n. r. e.); Blount v. Westinghouse Credit Corporation, 432 S.W.2d 549 (Tex.Civ.App.—Dallas, 1968, no writ).

■ The trial court's conclusion of law Number 1 was that the plaintiff's agreement to make Marshall an additional loan was sufficient consideration for defendants' guarantee to pay both past and future indebtedness of Marshall. Defendants' point of error attacking this conclusion of law is overruled. This question has long been settled in this state. In McWhorter v. First State Bank of Wylie, 11 S.W.2d 808, 809 (Tex.Civ.App.—Dallas, 1928, error ref.) the factual situation was somewhat similar to the one before us. It was held the father's agreement to guarantee his son's loans from the bank, was supported by consideration when the bank made an additional loan to the son. This statement was made:

> "While a guaranty, like other contracts, must be supported by a legal consideration, yet this need not be a consideration from the guarantee to the guarantor, but may be a benefit to the principal debtor, or a detriment to the guarantee."

See also: Estes v. Oilfield Salvage Co., 284 S.W.2d 201 (Tex.Civ.App.—Dallas, 1955, no writ) and McGhee v. Wynnewood State Bank, supra.

■ The judgment entered by the trial court allowed recovery by plaintiff for $25,000.00 plus $2,500.00 attorneys' fees. Defendants have points of error that the trial court erred in permitting recovery of this attorneys' fee because there was no evidence, insufficient evidence and the allowance was contrary to the great weight and preponderance of the evidence. These points are overruled.

A portion of the letter of guaranty is reproduced here, in essence, even though a part of it is set out above, to show the contractual provision as to attorneys' fees:

> "Now for a valuable consideration * * * 'Guarantors' * * * hereby guarantee to the Bank * * * the prompt payment at maturity of any and all indebtedness * * * owing to the Bank * * * not exceeding in the aggregate *principal* amount at any one time * * * ($25,000.00), according to the tenor and effect of the note or notes evidencing said indebtedness, together with any and all reasonable costs of collection, *including 10% of the said indebtedness* additionally as attorneys' fees should *this contract* be placed in the hands of attorneys for collection * * *" (Emphasis supplied.)

This provision is not ambiguous, although it is inartfully worded. Unquestionably, the aggregate guaranty of *principal* is limited to the sum of $25,000.00; but, the phrase "together with any and all reasonable costs of collection" enlarge the obligation to include such cost of collection. The rule in Texas is that no proof as to the reasonableness of the attorneys' fee is necessary, where the amount has been specified by the parties. See: Carver v. J. S. Mayfield Lumber Co., 29 Tex.Civ.App. 434, 68 S.W. 711 (1902); Beckham v. Scott, 142 S.W. 80 (Tex.Civ.App.—Dallas, 1911, no writ); Southwest American Life Ins. Co. v. Dunn, 344 S.W.2d 948 (Tex. Civ.App.—Eastland, 1961, error ref., n. r. e.).

■ Defendants' final point of error is that this guaranty under the circumstances of its execution, is unconscionable and unenforceable as a matter of law. This point of error is controlled by the case cited by defendants which they seek to distinguish. In that case, Blount v. Westinghouse Credit Corp., supra, 432 S.W.2d at p. 554, this statement is made:

> "An 'unconscionable' contract has been defined by courts of other jurisdictions to mean a contract which no man in his senses and not under a delusion would enter into and which no honest and fair person would accept. Swanson v.

Hempstead, 64 Cal.App.2d 681, 149 P.2d 404 (1944); Terre Haute Cooperage, Inc. v. Branscome, 203 Miss. 493, 35 So. Sd [sic] 537 (1948)."

We find nothing unfair about the letter of guaranty executed in this case. The point is overruled.

We find no merit to the remaining points of error raised by defendants.

Affirmed.